Opinion for the court filed by Circuit Judge LINN. Circuit Judge MAYER dissents.
LINN, Circuit Judge.
Gary P. Pittman (“Pittman”) seeks review of the initial decision of the administrative judge (“AJ”) for the Merit Systems Protection Board (“Board”), Pittman v. Dep’t of Justice, No. NY-3443-05-0113-1-1 (M.S.P.B. June 28, 2005) (“Initial Decision ”), which became the final decision of the Board after it denied Pittman’s petition for review, Pittman v. Dep’t of Justice, No. NY-3443-05-0113-1-1, 101 M.S.P.R. 582, 2006 WL 990102 (M.S.P.B. Apr. 6, 2006) (“Final Decision”). That decision denied Pittman’s request for relief under the Uniformed Services Employment and Reemployment Rights Act of 1994 (“USERRA”) alleging that the Federal Bureau of Prisons (“agency”) failed to *1278 reemploy him following his military service and improperly removed him from his position. Because the AJ did not err in finding that Pittman was reemployed following his military service, and because the Board lacked jurisdiction over Pittman’s improper removal claims, we affirm in part, vacate in part, and remand.
I. BACKGROUND
The facts of this ease are largely undisputed. Pittman was employed as a Senior Officer Specialist with the agency at the Metropolitan Detention Center in Brooklyn, New York. Pittman also served in the U.S. Marine Corps Reserve and was activated in March 2003 to participate in Operation Iraqi Freedom. Prior to that activation, Pittman’s performance at the agency was more than satisfactory and had warranted a number of performance-based awards.
During Operation Iraqi Freedom, Pittman was stationed at the Whitehorse detention facility in Iraq. On September 3, 2004, Pittman was found guilty at a court-martial proceeding of one count of dereliction of duty under the Uniform Code of Military Justice (“UCMJ”) Article 92, 10 U.S.C. § 892, and one count of assault under UCMJ Article 128, 10 U.S.C. § 928. A two-page summary of these convictions identified the underlying conduct as the failure to safeguard the physical health, welfare, and treatment of Iraqi prisoners and the unlawful striking of unknown Iraqi prisoners. Pittman was reduced in rank from sergeant to private and sentenced to sixty days of hard labor without confinement. Pittman nevertheless continued to remain a member of the Marine Corps Reserve in good standing and was released from active duty status under honorable circumstances.
The agency received a copy of the two-page summary of Pittman’s court-martial convictions in September 2004. On October 25, 2004, Pittman returned to active duty at the agency and worked one shift. After that shift, Pittman was confronted about the conduct underlying the court-martial convictions. At the agency’s request, Pittman signed an affidavit acknowledging the convictions but declaring them to be unsupported by evidence. Later that day, the agency placed Pittman on administrative leave and issued a notice proposing indefinite suspension.
On November 14, 2004, the agency rescinded the proposed suspension and issued a notice of proposed removal based on the following charges: (1) two specifications of off-duty[1] misconduct as described in the two counts that resulted in the court marital convictions; and (2) the convictions themselves. Pittman responded to the charges orally and in writing and alleged that the agency’s proposed action violated USERRA. He also submitted a supporting affidavit from his commanding officer that described the mitigating circumstances surrounding his conduct in Iraq and a letter of recommendation from the sheriff of Rockland County, New York.
In a letter dated December 20, 2004, the agency sustained the charges and found a nexus between Pittman’s off-duty misconduct and his duties as a correctional officer at the agency. The agency also found that removal was warranted to promote the efficiency of the service. The letter informed Pittman that he had a right to grieve his removal under the negotiated grievance procedure or to file an appeal to the Board, but that only one procedure could be elected. Pittman’s removal became effective December 22, 2004.
*1279 Pittman grieved the removal under the applicable collective bargaining agreement on January 18, 2005 by a union letter that was sent on his behalf. On January 20, 2005, Pittman filed an appeal with the Board arguing that his removal was improper because it violated USERRA. The government moved to dismiss that appeal for lack of jurisdiction, arguing that Pittman’s election to grieve the removal precluded an appeal to the Board of the same matter.
The AJ found that the parties agreed that jurisdiction was lacking over a direct appeal from the removal under 5 U.S.C. § 7513(d) due to Pittman’s election to grieve the removal. Initial Decision, slip op. at 5. The AJ noted, however, that the Board might have jurisdiction over Pittman’s separate USERRA claims under 38 U.S.C. § 4324(b). Id. The AJ therefore addressed Pittman’s claims that the agency violated USERRA by failing to reemploy him following his military service and by removing him on the basis of his military service.
The AJ found that the agency had reemployed Pittman following his military service as reflected by his approved leave status from September 7 through October 24, 2004, his shift of duty on October 25th, and his administrative leave status from October 25 until his removal on December 22, 2004. Id., slip op. at 8-9. With respect to Pittman’s improper removal claim, the AJ noted that the government had raised a defense under 38 U.S.C. § 4316(c) that the removal was for cause. Id., slip op. at 7-8. The AJ found that an inquiry into whether there was cause for Pittman’s removal would involve the same matter that Pittman had elected to grieve and that it was therefore not a proper inquiry for the Board. Id., slip op. at 10. The AJ nevertheless assumed that it was properly before the Board and found that there was cause for Pittman’s removal. Id., slip op. at 10-12. The AJ also found that Pittman failed to establish that his military service was a motivating or substantial factor in his removal. Id., slip op. at 14-19. Accordingly, the AJ concluded that Pittman did not prove that the agency violated USERRA and denied his request for relief. Id., slip op. at 19-20. The Board denied review, and the decision became final. Final Order, slip op. at 2. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 38 U.S.C. § 4324(d)(1).
II. DISCUSSION
Pittman’s arguments on appeal identify two separate agency actions that he asserts violated USERRA. First, Pittman argues that the agency failed to reemploy him following his military service, thereby violating 38 U.S.C. § 4312(a). Second, Pittman argues that his removal from the agency was in violation of 38 U.S.C. §§ 4311(a) and 4316(c). On the merits, we must affirm the Board’s decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Hayes v. Dep’t of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Whether the Board has jurisdiction is a question of law that we review de novo. Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed.Cir.1998).
A. Failure to Reemploy
Pittman argues that the AJ erred in considering his “failure to reemploy” claim under 38 U.S.C. § 4312(a). Specifically, Pittman argues that the AJ only considered such a claim under 38 U.S.C. § 4311(a), not under section 4312(a), and that substantial evidence does not support the AJ’s finding that the agency reem *1280 ployed Pittman following his military service.
Pittman’s argument that the AJ failed to consider his claim under section 4312(a) is without merit. The AJ specifically noted that Pittman “argued that he was not reemployed with the agency following his military service as contemplated by ... [section] 4312.” Initial Decision, slip op. at 8-9. Furthermore, the AJ’s finding that Pittman was reemployed by the agency following his military service is supported by substantial evidence. As the record reflects, Pittman was restored to paid duty status as a correctional officer, effective September 5, 2004. Pittman then requested and received paid approved leave from the agency through October 24, 2004. Pittman returned to work on October 25 and worked one shift before being placed on administrative leave with full pay and benefits. On December 22, 2004, Pittman was officially removed from his position. On this record, we conclude that substantial evidence supports that Pittman was reemployed in his previous position at the agency following his military service.
Pittman also argues that he is entitled to the “full protections of USERRA, including reemployment” because the honorable character of his military service met the requirements of 38 U.S.C. § 4304 and because the government failed to assert defenses under 38 U.S.C. § 4312(d)(1) that allow an employer to deny a claim for reemployment. Because substantial evidence supports that Pittman was reemployed, however, Pittman has received the full protections of his reemployment benefit under section 4312(a) and his arguments based on sections 4304 and 4312(d) are not relevant.
Accordingly, we hold the AJ did not err in denying Pittman’s request for relief under USERRA based on an alleged failure to reemploy him after completion of his military service.
B. Improper Removal
Pittman argues that the AJ erred in addressing his claim for improper removal under 38 U.S.C. §§ 4311(a) and 4316(c). Specifically, Pittman argues that “for cause” in section 4316(c) relates only to post-reemployment activity and not pre-reemployment activity, that “cause” in that section means “just and sufficient cause” as defined by the collective bargaining agreement, and that the agency’s evidence was insufficient to demonstrate that cause existed or that removal was the proper penalty. With respect to section 4311(a), Pittman argues that the AJ failed to consider that his conduct during military service, as well as his military status, may serve as a predicate for discrimination under that section, and that substantial evidence does not support the AJ’s finding that Pittman failed to prove that military service was a motivating or substantial factor in his removal.
The government counters that the Board lacks jurisdiction to consider whether the agency had “cause” for Pittman’s removal because 5 U.S.C. § 7121(e) precludes the Board from addressing matters that an employee has elected to resolve through the negotiated grievance procedure. The government also counters that nothing in USERRA prevents an agency from looking at pre-reemployment activities for “cause,” that substantial evidence supports the AJ’s findings that valid cause existed for Pittman’s removal, and that Pittman failed to prove he was terminated because of his military service.
We begin by examining the Board’s jurisdiction over Pittman’s improper removal claims under sections 4311(a) and 4316(c). Section 7121 of Title 5 governs the grievance procedures for governmental employ *1281 ees that are members of a collective bargaining agreement. That section provides, in relevant part, that:
Matters covered under sections 4303 and 7512 of this title which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both. Similar matters which arise under other personnel systems applicable to employees covered by this chapter may, in the discretion of the aggrieved employee, be raised either under the appellate procedures, if any, applicable to those matters, or under the negotiated grievance procedure, but not both.
5 U.S.C. § 7121(e) (emphasis added). Here, because Pittman elected to grieve his removal — an action covered under 5 U.S.C. § 7512 — it is undisputed that his removal cannot be appealed under 5 U.S.C. § 7701. The AJ, however, found jurisdiction over Pittman’s USERRA claims under 38 U.S.C. § 4324(b), a provision of the personnel system protecting veterans’ benefits.[2] We therefore must consider whether the matter raised in Pittman’s improper removal claims under 38 U.S.C. §§ 4311(a) and 4316(c) is similar to the matter raised in Pittman’s grievance; if so, the Board lacks jurisdiction over the appeal of those claims.
Section 4311(a) prohibits discrimination on the basis of military service and states:
A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.
38 U.S.C. § 4311(a). As we held in Sheehan v. Department of the Navy, section 4311(a) requires an employee making a claim under that provision to “bear the initial burden of showing by a preponderance of the evidence that the employee’s military service was ‘a substantial or motivating factor’ in the adverse employment action.” 240 F.3d 1009, 1013 (Fed.Cir. 2001) (citing NLRB v. Transp. Mgmt. Corp., 462 U.S. 393, 400-01, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983)). “If this requirement is met, the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason.” Id.; see also 38 U.S.C. § 4311(c)(1) (“An employer shall be considered to have engaged in actions prohibited under subsection (a) ... unless the employer can prove that the action would have been taken in the absence of [military status].”). Therefore, the inquiry presented here under section 4311 is, at bottom, a question of cause.
Section 4316(c) is a specific benefit for employees that are absent due to military service and provides that “[a] person who is reemployed by an employer under this chapter shall not be discharged from such employment, except for cause” for periods of either a year or half of a year depending on the length of the employee’s military *1282 service. 38 U.S.C. § 4316(c) (emphasis added). Much like section 4311, the benefit provided by section 4316(c) is subject to an employer’s ability to show that valid cause exists for discharging the employee.
Pittman’s election to grieve his removal under the applicable collective bargaining agreement challenged that he was “terminated without just cause for Off-Duty Misconduct and Conviction.” The collective bargaining agreement provides that adverse actions may only be taken “for just and sufficient cause and to promote the efficiency of the service.” As Pittman’s election makes clear, the underlying agency action that Pittman raised under the negotiated grievance procedure — his termination — is the same underlying agency action that is challenged in Pittman’s improper removal claims under sections 4311(a) and 4316(c). That is further demonstrated by the inquiries presented by Pittman’s improper removal claims, which are similar to, and overlap with, the inquiry facing the arbitrator— whether Pittman’s termination was for cause. We therefore conclude that Pittman’s USERRA claims for improper removal under sections 4311(a) and 4316(c) are “similar matters which arise under other personnel systems” that he had previously elected to raise under the negotiated grievance procedure. 5 U.S.C. § 7121(e). Because of that election, Pittman is precluded by 5 U.S.C. § 7121(e) from bringing those claims before the Board under 38 U.S.C. § 4324(b). Accordingly, the Board lacked jurisdiction to consider Pittman’s improper removal claims, and the AJ’s denial of those claims on the merits was in error.
Having concluded that the Board lacked jurisdiction over Pittman’s improper removal claims, we need not — and do not— address the question of whether an employee can be removed for cause under USERRA predicated on the employee’s conduct during military service that results in an adjudication by a military tribunal but does not disqualify the employee from a separation under honorable conditions.
III. CONCLUSION
Because the AJ did not err in finding that the agency reemployed Pittman following the completion of his military service, we affirm the Board’s denial of Pittman’s “failure to reemploy” claim under USERRA. Because the Board under 5 U.S.C. § 7121(e) lacked jurisdiction over Pittman’s improper removal claims, we vacate the Board’s denial of Pittman’s improper removal claims under USERRA and remand with instructions to dismiss those claims.

AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

COSTS
No costs.

. In the context of the agency’s letter proposing removal, "off duty" refers to conduct committed outside the scope of Pittman's employ as a correctional officer at the agency.

. See S.Rep. No. 95-969 (1978), U.S.Code Cong. & Admin.News 1978 pp. 2723, 2832 (discussing “matters similar to those listed above which may arise under other personnel systems, such as those provided in title 38, United States Code [relating to veterans’ benefits]”).