NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3262

EDMUNDO M. MALIC,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Edmundo  M. Malic, of San Diego, California, pro se.

David  M.  Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and  Martin F. Hockey, Jr. , Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3262

EDMUNDO M. MALIC,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: October 5, 2007

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

Petitioner Edmundo M. Malic petitions for review of the final decision of the Merit Systems Protection Board ("Board") that he had not made nonfrivolous allegations of the Board's jurisdiction sufficient to justify a jurisdictional hearing. We vacate and remand.

I

Edmundo M. Malic is a former correspondence clerk at the Department of Veterans Affairs ("VA") in San Diego. On January 20, 2004, he was charged with violating the VA's standards for employee conduct. In particular, Mr. Malic was charged with (1) "inappropriate behavior" for speaking to his superior in "a belligerent, loud tone,"

and (2) "failure to follow instructions" for being ten minutes late to his post. The VA initially proposed to terminate Mr. Malic's employment, but later decided to enter into a "Last Chance Agreement" ("LCA") with Mr. Malic. The LCA provided, inter alia, that the VA would hold the effective date of Mr. Malic's termination in abeyance for two years, and if, after two years, Mr. Malic had "satisfactorily complied with each and every term of [the LCA]," the VA would rescind his termination entirely. Mr. Malic also agreed that he would not appeal the VA's decision to enforce his termination in the event that he breached the LCA before the expiration of the two-year period.

The LCA did not spell out the nature of Mr. Malic's alleged previous "inappropriate behavior" or of his alleged previous "failure to follow instructions." Nor did the LCA refer to the VA's Memorandum 05-01 on Employee Conduct, which set the standards for behavior and performance and which Mr. Malic had allegedly breached. Indeed, the LCA on its face identifies no particular behavior that would lead to Mr. Malic's automatic, unappealable removal. Mr. Malic's only obligation under the LCA was to comply with "each and every term of this Agreement."

By a letter of January 24, 2006, Mr. Malic was again accused of (1) speaking belligerently and loudly to a coworker, and (2) being absent without leave for thirty minutes at the end of his shift. As to the first accusation, the VA alleged that Mr. Malic raised his voice to a coworker, saying, "you are making too many copies and you're bullshitting me," and calling the coworker "a liar." The VA informed Mr. Malic that this alleged behavior violated the LCA, and therefore, that he would be removed from his employment with the VA as of February 3, 2006. Mr. Malic denied that either accusation was true and subsequently appealed his removal to the Board. The VA

moved to dismiss Mr. Malic's appeal for lack of jurisdiction based on his agreement not to challenge his removal under the LCA. An Administrative Judge ("AJ") assigned to the case issued an order to show cause directing Mr. Malic to make nonfrivolous allegations in support of the Board's jurisdiction.

Mr. Malic timely responded to the AJ's order with a letter dated December 29, 2006, in which he explained his side of the story:

> On November 29, 2005, the dialogue between [the coworker] and me was short and brief. I used the word "bullshit" and "lying" only once, in [this] context: "you are telling me a bullshit story" and "now you are lying" and I said these in a regular tone of voice. I have a hearing problem (disability, tinnitus) which causes the volume of my voice to constantly adjust to the noise around me (we were next to a copy machine, very noisy). [The coworker] did not welcome my comments due to the volume of my voice. A few minutes after that dialogue I tried to talk to [the coworker], he refused. On his report he stated that I bombarded him with derogatory words during our short dialogue, [this] is untrue.

In the same letter, Mr. Malic also asserted that he was not, in fact, absent without leave.

The AJ acknowledged Mr. Malic's letter, but deemed his explanation of the incident insufficient:

> I find that the appellant admits speaking to a co-worker in a way that was at least discourteous, and very likely to provoke conflict. I find further that this can reasonably be interpreted as a failure "to conform [his] conduct to the agency's standards" within the meaning of the LCA. . . . The appellant therefore failed to make non-frivolous allegations showing that he complied with the LCA, or to raise any disputed issue of fact material to this issue, that would require a hearing.

Based on his evaluation of Mr. Malic's explanation of the incident with the coworker, the AJ further concluded that he need not address Mr. Malic's contention that he was not guilty of being absent without leave. Accordingly, the VA's motion to dismiss was granted. The AJ's decision became final, and Mr. Malic now appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

"Whether the Board has jurisdiction is a question of law that we review de novo." Pittman v. Dep't of Justice, 486 F.3d 1276, 1279 (Fed. Cir. 2007). In this case, the AJ determined that Mr. Malic was not entitled to a jurisdictional hearing to resolve disputed issues of material fact because Mr. Malic had not, in the AJ's opinion, made sufficient nonfrivolous allegations in support of the Board's jurisdiction. We disagree. The clear import of Mr. Malic's letter in response to the show cause order was that he did not act belligerently and that there was a medical explanation for the fact that his voice may have appeared raised. To be sure, Mr. Malic used arguably "discourteous" language. However, it is not evident from the face of the LCA—which is hardly the model of due process notice—that Mr. Malic's use of discourteous language would violate one of these undefined "terms" of the agreement. At best, the LCA merely implies that Mr. Malic was prohibited from repeating the same or similar behavior that led to the removal action in the first place. And since Mr. Malic clearly stated in his letter that he did not act belligerently or intentionally raise his voice to a coworker, he has made a sufficient nonfrivolous allegation in support of the Board's jurisdiction. As such, he was entitled to a hearing.

## III

For the reasons stated, we vacate and remand.

## COSTS

No costs.