NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3120

MICHAEL C. SMART,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Michael C. Smart, of El Paso, Texas, pro se.

Christopher L. Krafchek, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Martin F. Hockey, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3120

MICHAEL C. SMART,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0731060294-B-1.

_____

DECIDED: June 6, 2008

_____

Before MAYER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Michael C. Smart ("Smart") seeks review of a final decision of the Merit Systems Protection Board ("Board") holding that Smart failed to prove his claim of discrimination against the Department of the Army ("Army") under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4333. Smart v. Dep't of the Army, No. DE0731060294-B-1 (M.S.P.B. Aug. 10, 2007) ("2007 Initial Decision"), reh'g denied, Smart v. Dep't of the Army, No. DE0731060294-B-1 (M.S.P.B. Nov. 28, 2007). We affirm.

Smart contends that the Army impermissibly declined to select him for a Security Guard position with the Law Enforcement & Security Division at the Pueblo Chemical Depot in Colorado because of his status as a veteran. See 38 U.S.C. § 4311(c)

(providing that under USERRA, "[a]n employer shall be considered to have engaged in actions prohibited . . . if the person's . . . service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such . . . service"). An earlier Initial Decision had sustained the Army's negative suitability determination but failed to address Smart's affirmative defenses. Smart v. Dep't of the Army, No. DE0731060294-B-1 (M.S.P.B. Oct. 19, 2006) ("2006 Initial Decision"). On review, the Board remanded the case for adjudication of Smart's affirmative defenses of unlawful color and race discrimination and retaliation for prior Equal Employment Opportunity activity, neither of which are relevant to this petition. Smart v. Dep't of the Army, No. DE0731060294-B-1 (M.S.P.B. Apr. 12, 2007) ("Remand Order").

On remand, Smart alleged for the first time his affirmative defense of discrimination under USERRA. The Board noted that the selecting official, Major Ortega, had submitted a sworn statement denying that Smart's prior military service was a motivating factor in not selecting him for the Security Guard position and that "the record is devoid of any evidence that [Smart's] status as a veteran was a factor in [the selecting official's] suitability decision." 2007 Initial Decision at 6. It further held that the Army had "demonstrated by preponderant evidence a valid, legitimate government reason for its decision not to select [Smart] due to a negative suitability determination." Id. at 7. Smart appeals the Board's USERRA determination. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

In his petition, Smart relies exclusively on Major Ortega's testimony that he considered, among other factors, Smart's Company Grade Article 15 and general

discharge from active duty for fighting in making his decision to remove Smart from consideration. See 2006 Initial Decision at 5. Smart argues that this partial reliance on discipline received while in the military demonstrates that his status as a veteran was a "motivationg or substantial factor" in the Army's decision not to select him for employment, and that the Army failed to prove that it would have taken the same action in the absence of this status. See Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001) ("[I]n USERRA actions there must be an initial showing by the employee that military status was at least a motivating or substantial factor in the agency action, upon which the agency must prove, by a preponderance of evidence, that the action would have been taken despite the protected status.").

"This court's scope of review of [Board] decisions is defined and limited by statute. The agency's action in this case must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984) (citing 5 U.S.C. § 7703(c)).

Smart does not dispute the Board's finding that "the documentary and testimonial evidence of record" established that Smart "was, in fact, unsuitable for Federal employment in light of his troubling employment record and history of unpaid debts, and that the agency's negative suitability determination promoted the integrity and efficiency of the service." Remand Order at 5. Smart's employment record included "abandonment of one civilian position, removal from a second civilan position for being unable to complete academic training, and removal from a third civilian position for

failure to perform." 2006 Initial Decision at 7. These findings, along with the observation that Smart "had a history of debt problems and in fact had not paid one creditor for over a year," id., were based on Smart's own admissions and amply support Major Ortega's determination that Smart would be "unable to obtain a secret security clearance or qualify as suitable under the agency's CPSR program," both of which were required for the position at issue, 2006 Initial Decision at 4-5.

Because substantial evidence supports the Board's finding that the Army demonstrated a legitimate reason for its decision not to select Smart for the Security Guard position, we need not and do not address Smart's contentions regarding the Army's consideration of discipline received by Smart during his military service. See generally Pittman v. Dep't of Justice, 486 F.3d 1276, 1282 (Fed. Cir. 2007) (declining to address whether an employee can be removed for cause under USERRA based on that employee's conduct during military service).

Because the Army carried its burden in demonstrating that it "would have taken the adverse action anyway, for a valid reason," Sheehan, 240 F.3d at 1013, because the Board's decision is supported by substantial evidence, and because we otherwise discern no basis on which to overturn the decision, we affirm.

COSTS

No costs.