ON MOTION
PER CURIAM.

ORDER

Ermea J. Russell moves without opposition to reverse the Merit Systems Protection Board decision that determined that the board lacked jurisdiction over her Uniformed Services Employment and Reemployment Rights Act (USERRA) claim and to remand the case for a decision on the merits of her petition for review.
Russell, an officer in the Army reserves, was called up for active military duty while employed as a trial attorney with the Equal Employment Opportunity Commission (EEOC) at the agency’s Jackson, Mississippi office. Upon her return after nearly two years of active duty, the EEOC immediately transferred Russell to its Birmingham, Alabama office. Russell invoked a grievance procedure in a collective bargaining agreement (CBA) between her union and the agency to raise her claim that she was entitled to be reemployed with the agency’s Jackson office. Her grievance was ultimately denied.
Russell then petitioned the board for relief, asserting that her transfer constituted a violation of USERRA and that she was entitled to reemployment under the statute. Her petition was initially denied by the Administrative Judge (AJ) on the merits, although the AJ raised the issue of whether Russell’s grievance through the CBA was the exclusive remedy. The AJ cited as potentially applicable 5 U.S.C. § 7121(a), which governs CBA grievance mechanisms for federal employees and states in pertinent part that unless that statute otherwise provides, “the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.”
Russell petitioned the full board for review of the AJ’s decision. On review, the board held that it had jurisdiction. Russell v. Equal Employment Opportunity Comm’n, 104 M.S.P.R. 14 (2006) (Russell I). The board primarily relied on the language of 38 U.S.C. § 4302(b), which provides that USERRA “supersedes any ... contract, agreement, ... or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter.... ” The board concluded, inter alia, that “the agency and the union’s failure to exclude USERRA claims from the CBA’s grievance procedure constitutes an impermissible attempt under section 4302(b) to limit individual USERRA rights by agreement.” Id. Regarding the merits, the board remanded for the AJ to properly inform Russell of the appropriate burdens of proof in USERRA cases.
The AJ again ruled against Russell on the merits and Russell subsequently petitioned the board for review. The board sua sponte concluded that this *874 court’s decision in Pittman v. Dep’t of Justice, 486 F.3d 1276 (Fed.Cir.2007) required that the board dismiss Russell’s case for lack of jurisdiction. In Pittman, this court held that 5 U.S.C. § 7121(e)(1) requires the board to dismiss for lack of jurisdiction a USERRA adverse action appeal if the employee first elected to grieve the same or similar matter through a CBA grievance procedure mechanism. Id. at 1282. The board noted that Russell’s case differed from Pittman because Russell’s case involves section 7121(a) rather than an election of grievance remedies under section 7121(e). Nonetheless, the board held that Pittman required dismissing Russell’s petition without addressing the merits. Russell v. Equal Employment Opportunity Comm’n, 107 M.S.P.R. 171, 174 (2007) (Russell II). Russell timely petitioned this court for review.
Russell seeks reversal of the board’s determination that it lacked jurisdiction to decide her USERRA reemployment claim. Whether the board has jurisdiction is a question of law that we review de novo. Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed.Cir.1998). We note that, in the briefs filed by Russell, the board, the EEOC, and amicus curiae, it is unanimously argued that the board erred in determining that it lacked jurisdiction.
Congress has long provided reserve military personnel reemployment as a statutory protective right against potential disadvantages due to an extended absence while on active duty. See Nichols v. Dep’t of Veterans Affairs, 11 F.3d 160, 162 (Fed.Cir.1993) (describing history of military reemployment statutes). Congress and the courts have recognized that employer policies, agreements, and collective bargaining processes should not subordinate the ability of a reservist to return to a job after service. See, e.g., McKinney v. Mo.-Kan.-Tex.R.R. Co., 357 U.S. 265, 268, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958) (holding that an employee claiming a violation of his reemployment rights under the Universal Military Training and Service Act could bypass a grievance procedure provided for in a CBA); Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946) (“[N]o practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act”).
USERRA, Congress’s most recent enactment of service member reemployment protection provides:
(a) Nothing in this chapter shall supersede, nullify or diminish any Federal or State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in this chapter.
(b) This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.
38 U.S.C. § 4302(a)-(b).
In its decision in Russell II, the board felt compelled to dismiss Russell’s case because of our decision in Pittman. The board now states that Pittman does not control disposition of Russell’s case. In the present case, the board’s decision was based on the holding in Pittman that a party who elects to grieve an adverse action under section 7121(e)(1) cannot later file a USERRA action concerning a similar *875 matter at the board. As the board now concedes, however, that holding must be confined to the specific statutory contours involved in that case.
Section 7121(e)(1), which governs grievances of adverse actions, provides that an employee’s election to file a grievance waives that employee’s right to seek relief from the board on that same matter or “similar matters arising under other personnel systems.” 5 U.S.C. § 7121(e)(1); Pittman, 486 F.3d at 1282. As Russell argues in her brief unlike the petitioner in Pittman, she did not elect to grieve the reemployment issues per section 7121(e)(1) because the collective bargaining agreement required that she do so. Compare Pittman, 486 F.3d at 1278 (“The letter informed Pittman that he had a right to grieve his removal under the negotiated grievance procedure or to file an appeal to the Board, but that only one procedure could be elected.”).
The board, in its brief, states that section 7121(e) applies in a USERRA case when the employee had the right to file a grievance or file an adverse action appeal and the employee elects to pursue grievance. Notably, in Pittman, this court did not dismiss for lack of jurisdiction Pittman’s separate USERRA reemployment claim, the very claim now asserted by Russell. Instead, this court in Pittman addressed the reemployment claim on the merits, affirming the board’s decision in that regard. See Pittman, 486 F.3d at 1279-1280 (finding substantial evidence to support the AJ’s decision denying Pittman’s reemployment claim). We agree with the parties that Pittman’s jurisdictional holding regarding a challenge to a removal action does not control this case, which instead concerns a challenge to an alleged denial of reemployment due to transfer.
We also agree that the board should not have departed from its initial conclusion in Russell I that a CBA cannot require an employee to grieve a USERRA claim. In Russell I, the board found that the plain language of section 4302(b) cannot establish an additional prerequisite to the exercise of USERRA rights. Russell I, 104 M.S.P.R. at 19. The board explained that “the failure of the union and the agency to exclude USERRA claims from the coverage of the CBA, when considered in light of section 7121 (a)’s exclusivity provision, amounts to an impermissible attempt to subordinate individual rights under USERRA to majoritarian collective bargaining processes.” Id.
We find the board’s reasoning in Russell I persuasive. CBA grievance procedure mechanisms clearly fall within the meaning of a “contract, agreement ... or other matter” that cannot “reduce, limit, or eliminate” a petitioner’s right to bring a US-ERRA reemployment claim at the board. Thus, as required by the plain language of section 4302(b), Russell’s statutory right to appeal the reemployment matter to the board is not affected by the CBA’s requirement that she file a grievance because the CBA cannot impose a requirement that the employee grieve a USERRA matter. USERRA’s legislative history also confirms this result. See H.R.Rep. No. 103-65, at 20 (1993), as reprinted in 1994 U.S.C.C.A.N. 2449, 2453 (“Moreover, [section 4302(b) ] would reaffirm that additional resort to mechanisms such as grievance procedures or arbitration or similar administrative appeals is not required.”).
Accordingly,
IT IS ORDERED THAT:
(1) The motion is granted.
(2) The decision of the board is vacated and the matter is remanded for consideration of Russell’s petition for review.
(3) Each side shall bear its own costs.
Separate opinion filed by Circuit Judge DYK.
*876 DYK, Circuit Judge,
separate opinion.
I do not join the majority opinion because I am uncertain as to whether it is correct. All parties and the amici agree that the decision of the Board was incorrect. The unfortunate result is that no party or amicus has presented the opposing view. In a future case I think the court would benefit from such a presentation. My purpose here is to set forth the source of my doubts as to the correctness of the majority’s holding.
Ermea Russell (“Russell”) asserts that the Equal Employment Opportunity Commission (“agency”) violated her rights to reemployment after military service under the Uniformed Services Employment and Reemployment Rights Act (USERRA). 38 U.S.C. §§ 4301-4334.[1] The union agreement provides for a grievance procedure applicable to USERRA claims. After unsuccessfully grieving the claim pursuant to the collective bargaining agreement, Russell sought to assert her USERRA claim before the Merit Systems Protection Board (“Board”).[2]
The Board ultimately held that it lacked jurisdiction because 5 U.S.C. § 7121(a) provides that the union grievance procedure is the exclusive remedy. On review, all parties and the majority agree that the Board’s decision was incorrect. I am not so sure.
While I agree that our earlier decision in Pittman v. Dep’t of Justice, 486 F.3d 1276 (Fed.Cir.2007) does not decide this issue, the Civil Service Reform Act of 1978 on its face appears to make the union grievance procedure exclusive:
(1) Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d), (e), and (g) of this section, the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.
(2) Any collective bargaining agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement.
5 U.S.C. § 7121(a) (emphases added). Thus, by the plain language of the statute, it appears that grievance procedures in the collective bargaining agreement are exclusive. The majority disagrees, holding that 38 U.S.C. § 4302(b) overrides the exclusive nature of the collective bargaining agreement. That section of USSERA provides:
This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any light or benefit provided by this chapter [US-ERRA], including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.
(emphases added). The problem with the majority’s reasoning is that it is 5 U.S.C. *877 § 7121(a) that makes the grievance procedure exclusive, not the collective bargaining agreement. The record here is unclear whether the collective bargaining agreement mentions that the grievance procedure is exclusive. But even if the collective bargaining agreement explicitly did provide that USERRA reemployment rights were exclusively subject to the grievance procedure, it seems that it would still be § 7121(a) that actually created the exclusivity.[3]
The Board argues nonetheless that US-ERRA (enacted in 1994) implicitly repealed the Civil Service Reform Act of 1978 (enacted in 1978) to the extent it would require USERRA rights to be vindicated exclusively through union grievance procedures. The Supreme Court has stated that “repeals by implication are not favored and will not be presumed unless the intention of the legislature to repeal is clear and manifest.” Nat’l Ass’n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 127 S.Ct. 2518, 2532, 168 L.Ed.2d 467 (2007) (internal quotation marks and alteration omitted). The Board appears to argue that the intention of the legislature is clear from the language “other matter” of 38 U.S.C. § 4302. The majority does not rely on this reasoning, and I think this reasoning is questionable.
The language of the statute explicitly refers to “any State law,” and makes no reference to federal law in § 4302(b). The explicit reference to “State” law and the absence of any reference to federal law suggest that this provision was not intended to implicitly repeal federal law. The legislative history cited by appellant refers only to the inability of collective bargaining agreements to waive reemployment rights; nothing in the legislative history cited by appellant states that § 4302(b) contemplated that federal law would be within the scope of the “other matters” superseded by USERRA.
Appellant’s reading of USERRA is made even more troubling by the fact that the companion subsection of 38 U.S.C. § 4302, subsection (a), explicitly mentions both federal law and state law:
Nothing in this chapter shall supersede, nullify or diminish any Federal or State law (including any local law of ordinance), contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in this chapter.
(emphasis added.) The otherwise very similar language of the two provisions and the omission of any reference to “Federal law” suggests that federal law is not among the “other matter” referred to in subsection (b). On the other hand, it is troubling that judicial review may be unavailable as to USERRA claims that are subject to a grievance procedure.
Even if the parties’ view makes sense as a policy matter, our task is to read jurisdictional statutes as they are written. One reading of the statute suggests that the Board and the majority are incorrect, and that the Board lacks jurisdiction.

. Russell's claim is based on the agency's decision to reassign her to a different city when reemploying her after active military duty.

. According to the parties, the collective bargaining agreement permitted her to grieve her reassignment, though on the very incomplete record presented by the parties, it is unclear under what specific language USERRA reemployment was subject to the grievance procedure. It is also unclear exactly how Russell asserted her claim in the grievance proceeding; the appellant claims that she argued that the reassignment was in violation of the collective bargaining agreement and "federal law.” The grievance was ultimately denied by the agency, and the union chose not to invoke arbitration on her behalf.

. The majority's reliance on the result in Pittman on the USERRA issue also seems misplaced. There is no mention in the Pittman opinion as to whether the contract permitted the employee to grieve USERRA violations.