ON MOTION
RADER, Circuit Judge.

ORDER

Dan P. Weiberg moves without opposition to remand to the Merit Systems Protection Board for further proceedings.
Weiberg filed a request for corrective action under the Uniformed Services Employment and Reemployment Rights Act (USERRA) alleging that he was charged military leave on non-work days. Because Weiberg was covered by a collective bargaining agreement (CBA) that did not expressly exclude USERRA claims from its coverage, the administrative judge (AJ) held that the CBA was the exclusive means for raising his claims. Thus, the AJ dismissed the case for lack of jurisdiction, citing the Merit Systems Protection Board’s recent decision in Russell v. Equal Employment Opportunity Comm’n, 107 M.S.P.R. 171 (2007). In Russell, the Board determined, based upon statements this court made in Pittman v. Department of Justice, 486 F.3d 1276 (Fed.Cir.2007), that it lacked jurisdiction over any USER-RA claim if the matter was required to be grieved by a CBA.
We recently vacated the Board’s decision in Russell and remanded for further proceedings, based upon an unopposed motion to remand in that case. See Russell v. Equal Employment Opportunity Comm’n, 324 Fed.Appx. 872 (Fed.Cir.2008). Wei-berg similarly moves to remand in this case. In this case, as in Russell, the Board in its brief states that it erred in dismissing the petitioner’s case for lack of jurisdiction and that this court’s decision in Pittman does not require a dismissal of Weiberg’s case. The Department of the Treasury also does not oppose Weiberg’s motion to remand.
The Board notes that this court’s decision in Pittman involved a factual situation in which the employee could elect to either grieve an action or file an appeal at the Board. In Pittman, we held that if an employee may elect whether to grieve a USERRA action and then chooses to do so, the employee cannot later file an appeal at the Board pursuant to 5 U.S.C. § 7121(e) (matters covered under 5 U.S.C. § 4303 and 5 U.S.C. § 7512 which also fall within the coverage of a negotiated grievance procedure may, at the election of the employee, be pursued either through grievance or by appeal to the Board, but not under both procedures). In contrast, *620 in Weiberg’s ease, there can be no election by the employee; it appears to be undisputed by the parties that the CBA in this case requires that any matter not excluded be grieved and that USERRA matters are not excluded from the CBA. But see 38 U.S.C. § 4302(b) (USERRA “supersedes any State law, ... contract, agreement, ... or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter.... ”). Thus, we agree that our decision in Pittman, involving a situation in which the employee may elect to grieve a USERRA matter and then chooses to do so, did not require a dismissal of Weiberg’s case for lack of jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The motion is granted.
(2) The decision of the board is vacated and the matter is remanded for further proceedings.
(3) Each side shall bear its own costs.
/s/ Randall R. Rader Randall R. Rader, Circuit Judge