NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARWIN M. NEALY,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2014-3157

---

Petition for review of the Merit Systems Protection Board in No. DA-0353-12-0663-I-1.

---

Decided: December 9, 2014

---

DARWIN M. NEALY, of Selma, Texas, pro se.

PETER A. GWYNNE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before PROST, *Chief Judge,* PLAGER and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner Darwin Nealy appeals a decision of the Merit Systems Protection Board ("MSPB") denying his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). The MSPB found that Mr. Nealy failed to establish a prima facie case that his military status was a motivating or substantial factor in the United States Postal Service's ("USPS") decision to suspend Mr. Nealy following an altercation with his superior and his union representative during a meeting. J.A. 11–12. The thrust of Mr. Nealy's appeal is that the record does not support the MSPB's factual conclusions. We find that the record supports the MSPB's factual conclusions, and we thus affirm.[1]

Title 38, Section 4311 of the United States Code prohibits discrimination on the basis of military service. It provides that "a member of . . . a uniformed service shall not be denied . . . any benefit of employment by an employer on the basis of that membership . . . ." 38 U.S.C. § 4311(a). USERRA discrimination claims are analyzed under a burden-shifting mechanism. *See Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). An employee who makes a discrimination claim under

---

[1]     On November 20, 2014, Mr. Nealy filed a motion to supplement the preliminary record on appeal. *See* ECF No. 17. Mr. Nealy requested that the audio recording of proceedings before the MSPB be made part of the official record on appeal. Those recordings were provided to the court by the government and the court has considered them in reaching its decision. As such, Mr. Nealy's motion to supplement is moot.

USERRA bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action. If the employee makes that prima facie showing, the employer can avoid liability by demonstrating, as an affirmative defense, that it would have taken the same action without regard to the employee's military service. *Id.* at 1013; *see* 38 U.S.C. § 4311(c)(1). An employer therefore violates § 4311 if it would not have taken the adverse employment action but for the employee's military service or obligation. *See* H.R. Rep. No. 103–65, at 24 (1993), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2457; *see also Pittman v. Dep't of Justice*, 486 F.3d 1276, 1281 (Fed. Cir. 2007).

We now turn to the facts of this case. After discovering that Mr. Nealy was using unauthorized overtime on his postal route, Mr. Nealy's supervisor held an investigative interview with Mr. Nealy. Mr. Nealy admits to having used profanity in response to his supervisor, and to having addressed his supervisor in a "loud" voice. J.A. 33. Mr. Nealy also admits that when his union representative entered the room to get between Mr. Nealy and his supervisor, Mr. Nealy pushed his union representative away. *Id.* at 33–34. Mr. Nealy was then sent home for the rest of the day, for which he was paid. *Id.* at 34. Mr. Nealy subsequently received a fourteen day suspension for his actions in the meeting, although the USPS reduced Mr. Nealy's reprimand to an official discussion. *Id.* Although Mr. Nealy contends that he was suspended because he was in the U.S. Army Reserves, Mr. Nealy stated at the hearing before the administrative judge that he "[has] no idea why [his supervisor] was against [him]." *Id.* Moreover, Mr. Nealy can point to no facts in the record indicating that his military status was in any way a motivating or substantial factor in the decision to suspend him. We therefore find that the MSPB's decision was supported by substantial evidence.

We find Mr. Nealy's remaining arguments to be either waived or unpersuasive. *See United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952). For example, Mr. Nealy contends that the administrative judge should have allowed Mr. Nealy to call Larry Huron, a district manager, as a witness, even though Mr. Nealy never requested Mr. Huron's testimony prior to the hearing.

Accordingly, we find that the MSPB's conclusions were supported by substantial evidence, and that the MSPB committed no legal errors.

**AFFIRMED**

Costs

Each party shall bear its own costs.