# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2015 MSPB 21

Docket No. SF-4324-11-0854-I-3

**Jeffrey L. Bostwick,**

**Appellant,**

**v.**

**Department of Agriculture,**

**Agency.**

February 25, 2015

David Fallon, Esquire, and Michael W. Macomber, Esquire, Albany, New York, for the appellant.

Jerry Garcia, Albuquerque, New Mexico, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### OPINION AND ORDER

¶1 The appellant petitions for review of an initial decision that denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). For the following reasons, we DENY the appellant's petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order, still DENYING corrective action. We MODIFY the initial decision by providing a different rationale for the denial of corrective action.

BACKGROUND

¶2    The appellant served as a Supervisory Forestry Technician with the Department of Agriculture's Forest Service (agency) during the time relevant to this appeal. MSPB Docket No. SF-4324-11-0854-I-1, Initial Appeal File (IAF-1), Tab 1. During this time, the appellant also served in the U.S. Army Reserve and was deployed for active duty between January 2009 and July 2011. MSPB Docket No. SF-4324-11-0854-I-3, Initial Appeal File (IAF-3), Tab 16 at 48 (appellant's DD-214). Upon his return from active duty, the appellant sought a transfer to a different federal agency, which was granted.[1] IAF-3, Tab 23, Initial Decision (ID) at 3 (citing hearing testimony). The agency issued a Standard Form (SF) 50 effective July 3, 2011, effectuating the appellant's return to duty under 5 C.F.R. Part 353 and thereafter issued another SF-50 effective July 17, 2011, transferring him to another federal agency. MSPB Docket No. SF-4324-11-0854-I-2, Initial Appeal File (IAF-2), Tab 13 at 13-15.

¶3    After transferring to his new position, however, the appellant's new employer determined that he did not qualify for special retirement eligibility coverage under 5 C.F.R. §§ 842.801, et seq.[2] ID at 4. After engaging in a series of conversations with employees from both the agency and his new employer, the appellant alleges that he requested restoration to his prior position with the agency, which was denied, and he thereafter filed the instant USERRA appeal alleging, among other things, that he had been denied restoration to employment. IAF-1, Tab 1. The administrative judge held a hearing and issued an initial decision denying corrective action, finding that the appellant failed to prove that

---

[1] The record below reflects that the appellant returned from military service overseas in February 2011, but was not honorably discharged until July of that year. *See* IAF-3, Tab 16 at 48.

[2] The appellant served as a firefighter with the agency and qualified for special retirement eligibility coverage under 5 U.S.C. § 8412. ID at 4.

he made a request for reemployment with the agency. ID at 10-13. In reaching this conclusion, the administrative judge assessed the credibility of several witnesses and determined that the agency's witnesses credibly testified that the appellant never requested reemployment. ID at 10-11. In her initial decision, the administrative judge also found that the appellant was eligible to request reemployment with the agency after it effected his transfer to his new position because the USERRA "regulations do not speak to the issue of whether an employee can be reemployed multiple times during the timeframe for requesting reemployment," provided that the successive requests for reemployment are made within the applicable timeframe. ID at 9 n.10.

¶4 The appellant has filed a petition for review arguing that the administrative judge erred in denying his request for corrective action, citing, among other things, flawed credibility and factual findings. Petition for Review (PFR) File, Tab 5 at 14-20. The agency has filed a response in opposition to the petition for review.[3] PFR File, Tab 8.

## ANALYSIS

¶5 There are two types of cases that arise under USERRA: (1) reemployment cases, in which an appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) discrimination cases, in which the appellant claims that an agency has committed one of seven actions that are prohibited if motivated by one of nine enumerated reasons, as set forth in 38 U.S.C. § 4311(a) and (b). *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 5 (2014). Regarding an employee's right to reemployment under

---

[3] The appellant has filed a request for an extension of time to file a reply. PFR File, Tab 11. Based on the nature of our decision denying the appellant's request for corrective action, the appellant's motion for an extension of time to file a reply is DENIED.

USERRA, section 4312 provides that an employee is entitled to reemployment if the cumulative length of his service-related absences due to military service does not exceed 5 years, not counting excepted service periods. *See Erickson v. U.S. Postal Service*, 571 F.3d 1364, 1370 (Fed. Cir. 2009). Section 4312 also requires an employee to provide timely notification to his employer of his intention to return to work. In a case such as this, where the appellant was absent from his civilian position for more than 180 days due to military service, the appellant must submit an application for reemployment not later than 90 days after completing his military service. 38 U.S.C. § 4312(e)(1)(D); *Erickson*, 571 F.3d at 1370.

¶6    The administrative judge denied the appellant's request for corrective action on the basis that he failed to establish that he requested reemployment with the agency after he was transferred to his new position with another employer. ID at 10-13. Upon our review of the record, however, we find that, regardless of whether the appellant requested reemployment with the agency following his transfer, the agency satisfied its statutory obligation to reemploy the appellant following his military service when it returned him to duty on July 3, 2011. IAF-2, Tab 13 at 13. For the reasons that follow, because the agency restored the appellant to his prior position of employment following his military service, we find that it satisfied its restoration obligation under USERRA and therefore deny the appellant's request for corrective action.

¶7    In reaching her decision, the administrative judge concluded that USERRA permits an employee to make multiple requests for reemployment during the applicable time period. ID at 9 n.10. We find, however, that requiring an agency to reemploy an individual after he has been returned to duty following military service but voluntarily transfers out of that agency is not supported by the express language or purpose of USERRA's reemployment guarantee.

¶8    The interpretation of a statute begins with the language of the statute itself. *Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶ 7 (2013). If the

language provides a clear answer, the inquiry ends, and the plain meaning of the statute will be regarded as conclusive. *Id*. Under 38 U.S.C. § 4312(a)(3), any person whose absence from a position of employment is "necessitated by reason of service in the uniformed service" shall be entitled to the reemployment rights of 38 U.S.C. chapter 43 if, among other things, the person submits an application for reemployment to such employer in accordance with the provisions of 38 U.S.C. § 4312(e). Section 4312(e)(1), in turn, provides that an eligible person, "upon completion of a period of service in the uniformed service," shall notify the employer of the person's intent to return to a position of employment with the employer. Similarly, 38 U.S.C. § 4313(a), which addresses the position to which a person is entitled upon reemployment, provides that a person entitled to reemployment under section 4312 "upon completion of a period of service in the uniformed services" shall be promptly reemployed in a position of employment. These provisions make clear that the absence from a position of employment must be necessitated by reason of service in the uniformed service, not by employment with another federal agency, and that a person's notification of intent to return must happen upon completion of a period of service in the uniformed service, not upon completion of such service *and* additional service with another federal agency. *See Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 303-04 (4th Cir. 2006) (sections 4312 and 4313 apply "only at the instant of reemployment"; under USERRA's comprehensive scheme, section 4312 only provides for immediate reemployment and does not prevent termination the next day or even later the same day; the apparent harshness of this result is addressed by sections 4311 and 4316, which prohibit discrimination after reemployment and protect covered individuals from dismissal except for cause for a period of time).

¶9    Moreover, Congress enacted USERRA in order to eliminate disadvantages in civilian employment resulting from military service, not to extend to veterans greater employment rights in general. *Bodus v. Department of the Air Force*,

82 M.S.P.R. 508, ¶ 13 (1999).  One of the purposes of USERRA is to "minimize the disruption to the lives of persons performing service in the uniformed services . . . by providing for the prompt reemployment of such persons upon their completion of such service."  38 U.S.C. § 4301(a)(2).  To achieve this goal, USERRA provides that an employee returning from military service of greater than 90 days has a qualified right to reemployment "in the position of employment in which [he] would have been employed if the continuous employment of such person with the employer had not been interrupted by such service" or "in the position of employment in which [he] was employed on the date of the commencement of the service in the uniformed services."[4]  38 U.S.C. § 4313(a)(2)(A)-(B).

¶10         Under the facts of this case, we find that the agency satisfied its statutory obligation to reemploy the appellant when it returned him to duty on July 3, 2011, and thereafter processed his voluntary request for a transfer to another federal agency 2 weeks later.[5]  IAF-2, Tab 13 at 13-15.  We further find that the appellant's invocation of his reemployment rights seeking a return to the agency *after* his voluntary transfer to another agency took place, derives from his new employer's decision finding him ineligible for special retirement eligibility coverage and is unrelated to his prior military service.  ID at 5-6 (citing hearing testimony).  Accordingly, because the appellant is not challenging a denial of reemployment following military service but rather is seeking to undo a voluntary transfer, which he was granted *after* he returned to duty with his prior employer, we find that the appellant is not entitled to corrective action under USERRA.  *Cf. Pittman v. Department of Justice*, 486 F.3d 1276, 1280 (Fed. Cir. 2007) (finding

---

[4] There are conditions and exceptions to these provisions which are not implicated in this case.  *See* 38 U.S.C. § 4313(a)(2).

[5] The agency granted the appellant military leave during the intervening 2-week period. IAF-2, Tab 6 at 55; ID at 4.

that because the employee "was reemployed . . . [he] received the full protections of his reemployment benefit under section 4312(a)"); *Francis*, 452 F.3d at 304-05 (discussing USERRA's "functionally discrete" provisions and holding that section 4312 "only entitled a service person to immediate reemployment") (citation and quotation omitted).

¶11 Because the agency granted the appellant's reemployment rights under USERRA by restoring him to duty effective July 3, 2011, we AFFIRM AS MODIFIED the administrative judge's denial of corrective action.[6]

## ORDER

¶12 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[6] The Department of Labor's USERRA regulations do not change our analysis. Under 20 C.F.R. § 1002.120, an "employee may seek or obtain employment with an employer other than the pre-service employer during the period of time within which a reemployment application must be made, without giving up reemployment rights with the pre-service employer." We find no basis to conclude that this provision creates an ongoing right to reemployment within the 90-day timeframe after the appellant has been restored to duty. Rather, we find that this provision preserves an employee's right to request reemployment from a pre-service employer in the event that the employee seeks, or obtains, employment with another employer *before* making a request for reemployment with the pre-service employer during the applicable time frame. As detailed above, those are not the facts of this case.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.