17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Joseph N. FARMER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3533.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1994.
 
 Before PLAGER, CLEVENGER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph N. Farmer petitions for review of the final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SF0351930443-I-1, dismissing his appeal for lack of jurisdiction. We affirm.
 
 
 2
 During his employment by the United States Department of the Navy as a Pipefitter in the Production Department, Mare Island Naval Shipyard, Vallejo, California, Farmer was represented by his union, the Federal Employees Metal Trades Council (Union), pursuant to the terms of a collective bargaining agreement. On June 19, 1991, the Navy issued a notice informing Farmer that he would be separated by a Reduction-In-Force (RIF) on August 23, 1991. On August 4, 1991, however, before the RIF's effective date, Farmer accepted reassignment to the position of Maintenance Mechanic, Fuel Department, Naval Supply Center, Oakland, California. This new position bestowed on Farmer the same grade and pay as he enjoyed in his former position. Nevertheless, on September 30, 1991, Farmer filed a grievance with the Navy pursuant to Article 33B of the collective bargaining agreement, alleging that his proposed removal by the RIF was motivated by racial discrimination.
 
 
 3
 After proceedings in accordance with the collective bargaining agreement, the responsible Navy officials concluded in decisions at steps two and three of the Article 33B grievance proceedings that the RIF had not adversely affected Farmer because of his reassignment, and that the Navy's actions did not evidence any racial discrimination. Since Farmer could not personally institute arbitration proceedings pursuant to the collective bargaining agreement, the Union requested arbitration of the matter. The Union subsequently withdrew its request for arbitration, however, after it concluded that any possible basis for a favorable result in the arbitration was precluded by Farmer's reassignment.
 
 
 4
 On April 7, 1993, Farmer appealed the Navy's RIF to the MSPB. The Administrative Judge (AJ) assigned to the case determined that Farmer had not been affected by the RIF within the meaning of 5 C.F.R. Sec. 351.901 (1991) such that he could appeal directly to the Board, because he had accepted a reassignment at the same pay and grade; that the Board also lacked jurisdiction to review Farmer's reassignment, even if involuntary, as it was accepted to avoid a RIF, citing Talley v. Department of Army, 50 M.S.P.R. 261, 263 (1991); and that even if affected by the RIF, Farmer's election to seek relief pursuant to the collective bargaining agreement precluded an appeal to the Board. The AJ also concluded that Farmer's allegation of racial discrimination by itself was insufficient to confer jurisdiction over his case on the Board, and that Farmer could not qualify for a hearing on the jurisdictional matter because of his failure to raise a nonfrivolous allegation of jurisdiction. As Farmer filed no petition for review, the AJ's initial decision became final on July 26, 1993. 5 C.F.R. Sec. 1201.113 (1992). Farmer timely petitioned this court for review of the MSPB's decision.
 
 
 5
 Under 5 U.S.C. Sec. 7121(d), (e)(1) (1988); a non-Postal Service employee covered by a negotiated grievance procedure has a right to appeal a personnel action by filing a grievance or by appealing the action to the MSPB, but not both. Grasty v. Department of Navy, 41 M.S.P.R. 234, 236-37 (1989); Colligan v. Department of Army, 36 M.S.P.R. 547, 549 (1988). Indeed, Article 33B of the collective bargaining agreement in this case stated exactly this principle. Once such an employee has filed a grievance without appealing the agency's action directly to the Board, the employee is deemed to have exercised his option under section 7121 and retains no statutory right to de novo review of the action by the MSPB. Grasty, 41 M.S.P.R. at 236-37. Further, once the grievance route is chosen, an employee retains a right solely to seek MSPB review of the final grievance decision, but only if his case involves an allegation of a prohibited personnel practice under 5 U.S.C. Sec. 2302(b)(1) (1988). Rolon v. Department of Veterans Affairs, 53 M.S.P.R. 362, 365 (1992); Colligan, 36 M.S.P.R. at 549. An allegation of racial discrimination is sufficient to satisfy this requirement. 5 U.S.C. Sec. 2302(b)(1)(A).
 
 
 6
 In the present case, due to the Union's withdrawal of its request for arbitration, it is undisputed that Farmer lacked an arbitrator's final decision on which to base an appeal to the MSPB. Since a final decision is required for the MSPB to review the Navy's action, Colligan, 36 M.S.P.R. at 549-50; Bradbie v. Equal Employment Opportunity Comm'n, 13 M.S.P.R. 419, 420 (1982), aff'd, 705 F.2d 1331 (Fed.Cir.1983), the MSPB lacked jurisdiction over Farmer's appeal.[1]
 
 
 7
 Farmer argues, however, that a final decision of an arbitrator should not be required in order to appeal the grievance to the MSPB because the relevant regulation in cases involving allegations of discrimination, 5 C.F.R. Sec. 1201.154(d) (1993), does not explicitly require such a decision. Moreover, Farmer states that such a requirement violates his right to due process under the United States Constitution.
 
 
 8
 Presumably, Farmer's argument is based on that portion of 5 C.F.R. Sec. 1201.154(d) which expressly states (emphasis added):
 
 
 9
 If the appellant has filed a grievance with the agency under its negotiated grievance procedure in accordance with 5 U.S.C. [Sec.] 7121, he ... may ask the Board to review the final decision under 5 U.S.C. [Sec.] 7702 within 25 days of the date of that decision.... The request for review must contain:
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 (4) Legible copies of the final grievance or arbitration decision,....
 
 
 13
 This section clearly permits appeal from "the final decision" of the negotiated grievance procedure, whether that final decision takes the form of a "final grievance ... decision" or an "arbitration decision." In the present case, Article 33B of the collective bargaining agreement clearly provides that a "final decision" under Farmer's negotiated grievance proceeding constitutes an arbitration decision. Specifically, the agreement states that "[i]f a decision [by the responsible Navy official] at Step 3 [of the grievance procedure] is unsatisfactory, the [Union] may refer the matter to arbitration...."[2] Thus, if Farmer were dissatisfied with Navy's decision at step three of the grievance proceeding, his only remaining option was to have the Union initiate arbitration proceedings, a decision at the end of which would constitute a final decision within the meaning of section 1201.154(d). Any other decision in the grievance proceeding, if not satisfactory to Farmer, merely provided Farmer with an opportunity to pursue a "final decision" on which he could appeal to the Board. That Farmer ultimately surrendered his opportunity through the Union's actions, however, does not render the decision at step three "final" such that he can then appeal to the Board without first following through on a request for arbitration, because the agreement specifically provides for the next procedural step to be followed.
 
 
 14
 Moreover, regarding Farmer's due process rights, the collective bargaining agreement clearly provided an avenue for Farmer to continue his grievance. Farmer cannot complain that his due process rights have been violated by requiring a "final decision" because his designated representative, the Union, voluntarily chose to terminate Farmer's grievance proceeding by withdrawing its request for arbitration of the matter after considering the merits thereof. Under these circumstances, Farmer is bound by the actions of his representative. See, e.g., Massingale v. Merit Sys. Protection Bd., 736 F.2d 1521, 1523 (Fed.Cir.1984) (actions of chosen union representative are binding); Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986) (same).
 
 
 15
 Thus, though the MSPB opinion failed to set forth a specific finding that Farmer lacked a final grievance decision from an arbitrator from which to appeal to the MSPB, we conclude that the AJ's error, if any, was harmless, considering the undisputed lack of a final decision from which to appeal. We therefore affirm the Board on this jurisdictional ground.
 
 
 16
 Even though Farmer cannot demonstrate that he suffered one of the enumerated effects of 5 C.F.R. Sec. 351.901, see Williams v. Department of Army, 44 M.S.P.R. 449, 451 (1990) (Board lacks jurisdiction to review voluntary reassignment taken to avoid consequences of RIF); compare Johnson v. Department of Army, 11 M.S.P.R. 511, 514 (1982) (position actually abolished by RIF; employee subsequently reduced in grade upon reassignment--see 8 M.S.P.R. 541, 542 (1981)); Swift v. Department of Educ., 23 M.S.P.R. 210, 212 (1984) (position was to be abolished by RIF; before RIF's effective date, employee accepted demotion), Farmer relies on Swift and Bell v. United States, 23 Cl.Ct. 73 (1991), to argue that his reassignment was involuntary, and therefore that the MSPB at least had jurisdiction to review his case. Even if the reassignment were involuntary, however, Farmer is unable to appeal to the Board due to the lack of an arbitrator's decision. We therefore need not address Farmer's arguments on this issue.
 
 
 17
 Finally, Farmer's claim of racial discrimination is insufficient to confer jurisdiction on the Board in the absence of an otherwise appealable action. See Wren v. Department of Army, 2 M.S.P.R. 1 (1980) (5 U.S.C. Sec. 2302(b) is not independent source of appellate jurisdiction), aff'd sub nom. Wren v. Merit Sys. Protection Bd., 681 F.2d 867 (D.C.Cir.1982).
 
 
 18
 Finding nothing in the record before this court that permits us to disturb the Board's decision under our narrow standard of review, 5 U.S.C. Sec. 7703(c) (1988), we affirm the decision of the MSPB.
 
 
 
 [1]
 Indeed, Farmer candidly admits in his informal brief that "he has [no] standing to file his petition with the [MSPB]...."
 
 
 [2]
 Indeed, Article 33B of the collective bargaining agreement simply complies with the statutory mandate of 5 U.S.C. Sec. 7121(b):
 Any negotiated grievance procedure ... shall--
 * * *
 (3) include procedures that--
 (C) provide that any grievance not satisfactorily settled under the negotiated grievance procedure shall be subject to binding arbitration which may be invoked by ... the exclusive representative....