# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JENIQUA IRENE KNUCKLES,
Appellant,

v.

DEPARTMENT OF THE ARMY,
Agency.

DOCKET NUMBER
CB-7121-14-0025-V-1

DATE: May 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeniqua Irene Knuckles, Grovetown, Georgia, pro se.

Christopher M. Kenny, Fort Gordon, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      Pursuant to 5 U.S.C. § 7121(d), the appellant has filed a request for review of a May 20, 2014 step three grievance decision affirming her removal.  For the reasons set forth below, we DISMISS the appellant's request for review for lack of jurisdiction.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2       On March 25, 2014, the appellant, through her union representative, filed, in accordance with negotiated grievance procedure, a step three grievance challenging her removal from federal service.  Request for Review (RFR) File, Tab 3 at 22, 24-25.  The appellant claimed, among other things, that the agency discriminated against her on the bases of gender and race when it removed her. *Id.* at 25.  In a decision dated May 20, 2014, the agency affirmed the removal action, finding the action justified by the evidence and reasonable under the circumstances.[2]  *Id.* at 32-33.

¶3       On August 1, 2014, in an action separate from the present appeal, the appellant filed an appeal of the removal action, which the administrative judge dismissed as untimely filed.[3]  *Knuckles v. Department of the Army*, MSPB Docket No. AT-0752-14-0881-I-1, Initial Decision (Sept. 4, 2014).  Thereafter, on September 5, 2014, the appellant filed the present appeal in which it appeared that she was requesting the Board's review of the step three grievance decision.  RFR File, Tab 1.  The Office of the Clerk of the Board (the Clerk) consequently issued a notice, explaining that the submission had been docketed as a request for review of a final grievance or arbitration decision.  RFR File, Tab 2.  The Clerk informed the appellant that such a request for review must include: a statement of the grounds on which review is requested; references to evidence of record or rulings related to the issues before the Board; arguments in support of the stated grounds that refer specifically to relevant documents and that include relevant citations of authority; and legible copies of the final grievance or arbitration decision, the agency decision to take the action, and other relevant documents.  *Id.*

---

[2] It appears that the appellant informally requested reconsideration of the May 20, 2014 grievance decision, which the agency denied in an email dated June 23, 2014.  RFR File, Tab 1 at 4, 9, Tab 6 at 5, 10.

[3] The appellant has filed a petition for review of that initial decision.  We do not address the merits of that matter herein.

¶4		The appellant has filed a timely response to the Clerk's notice in which she argues, among other things, that the Board has jurisdiction to review the grievance decision under 5 U.S.C. § 7121(d) and that the agency committed harmful procedural error and violated her due process rights when it removed her. RFR File, Tab 3 at 5-11. She also continues to assert that the removal action was discriminatory. *Id.* at 12. The agency has filed a response in opposition to the appellant's request for review. RFR File, Tab 6. In its response, the agency argues that the Board lacks jurisdiction over the matter because the agency did not issue a final decision on her grievance under 5 U.S.C. § 7121(d). *Id.* at 5-6. The agency also argues that her request for review is untimely filed and without merit. *Id.* at 6-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5		The Board has jurisdiction over a request for review of a final grievance or arbitration decision under 5 U.S.C. § 7121(d) when: (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) in the negotiated grievance procedure, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. 5 C.F.R. § 1201.155(a)(1), (c); *see Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014).

¶6		Applying this jurisdictional standard, the appellant cannot establish Board jurisdiction over her request for review because she fails to satisfy the third jurisdictional criterion. Specifically, under the applicable Labor-Management Agreement, the May 20, 2014 step three grievance decision was not a final

decision appealable to the Board under 5 U.S.C. § 7121(d).[4] Article 34 of the Labor-Management Agreement provides that if the appellant or the union was not satisfied with the agency's decision on the appellant's step three grievance, the union could refer the matter to arbitration within 20 workdays of its receipt of the decision. MSPB Docket No. AT-0752-14-0881-I-1, Initial Appeal File, Tab 6 at 15. It is undisputed, however, that the union declined to elect arbitration pursuant to the negotiated grievance procedure. RFR File, Tab 1 at 18, Tab 6 at 5. Under these circumstances, the Board lacks jurisdiction over the appellant's request for review.

¶7        Under similar circumstances, the U.S. Court of Appeals for the Federal Circuit, in *Farmer v. Merit Systems Protection Board*, 17 F.3d 1444 (Fed. Cir. 1994) (Table), affirmed a Board final decision that dismissed the appellant's appeal of his removal by reduction in force for lack of jurisdiction. The court determined that the Board lacked jurisdiction over the appeal because the appellant made a binding election under 5 U.S.C. § 7121(d) to grieve the adverse action through a negotiated grievance procedure and that he, therefore, "retain[ed] no statutory right to de novo review of the action" by the Board. *Id.* at *2. The court also found that the Board lacked jurisdiction over the appeal as a request for review of a final grievance decision because, due to the union's withdrawal of its request for arbitration in the matter, the appellant lacked an arbitrator's final decision on which to base a Board appeal. *Id.* In so finding, the court rejected the appellant's argument that his step three grievance decision should constitute a final grievance decision for purposes of Board review. *Id.* The court found that, because the collective bargaining agreement provided for

---

[4] Pursuant to 5 C.F.R. § 1201.64, we take official notice of the Labor-Management Agreement, which was entered into the record by the administrative judge in the appellant's appeal of her removal. MSPB Docket No. AT-0752-14-0881-I-1, Initial Appeal File, Tab 6 at 9-18; *see Thomson v. Department of Transportation*, 92 M.S.P.R. 392, ¶ 6 (2002).

arbitration as a last resort, his step three grievance decision was not a final decision on his grievance. *Id.* Specifically, the court found:

> Thus, if Farmer were dissatisfied with Navy's decision at step three of the grievance proceeding, his only remaining option was to have the Union initiate arbitration proceedings, a decision at the end of which would constitute a final decision within the meaning of section 1201.154(d).[5] Any other decision in the grievance proceeding, if not satisfactory to Farmer, merely provided Farmer with an opportunity to pursue a "final decision" on which he could appeal to the Board. That Farmer ultimately surrendered his opportunity through the Union's actions, however, does not render the decision at step three "final" such that he can then appeal to the Board without first following through on a request for arbitration, because the agreement specifically provides for the next procedural step to be followed.

*Id.*

¶8    Although *Farmer* is nonprecedential and thus not binding on the Board, the Board has held that it may rely on unpublished Federal Circuit decisions, where, as here, it finds the court's reasoning persuasive.[6] *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009). Here, the Federal Circuit applied the same reasoning that the Board has consistently applied in comparable cases. *See Parks v. Smithsonian Institution*, 39 M.S.P.R. 346, 349 (1988) (finding that a final decision, which is appealable to the Board under 5 U.S.C. § 7121(d), is the arbitrator's decision in cases where the grievance procedure provides for arbitration as the last resort); *see also Clark v. Equal Employment Opportunity Commission*, 31 M.S.P.R. 455,

---

[5] The regulation governing requests for review of arbitrator's decisions is now found at 5 C.F.R. § 1201.155.

[6] In *Rhoads v. Board of Education of Mad River Local School District*, 103 F. App'x 888, 897-98 (6th Cir. 2004) (Table), the Sixth Circuit found the Federal Circuit's reasoning in *Farmer* persuasive and cited the decision in finding that the plaintiff-appellant had not established a due process violation on account of the union's decision not to pursue arbitration.

457 (1986) (same); *Garland v. Department of Labor*, 13 M.S.P.R. 629, 631 (1982) (same).

¶9    The Federal Circuit's reasoning in *Farmer* is also consistent with the Board's approach in removal appeals under 5 U.S.C. § 7121(e), in which the Board has long held that, where an appellant undisputedly elected to first challenge his removal through the negotiated grievance procedure, the Board will not assert jurisdiction over the matter even in cases where the union decided not to arbitrate the appellant's grievance of his removal. *See Martinez v. Department of Justice*, 85 M.S.P.R. 290, ¶ 10 (2000)[7]; *see also Higgs v. U.S. Postal Service*, 14 M.S.P.R. 154, 156-57 (1982) (election of arbitration remedy is binding notwithstanding subsequent dissatisfaction with the choice; the Board is not a guarantor of merits of review in the grievance and arbitration process), *overruled on other grounds by Hall v. U S. Postal Service*, 26 M.S.P.R. 233 (1985).

¶10    Because the Labor-Management Agreement provided for arbitration and the union did not refer the matter to arbitration, there is no final decision within the meaning of 5 U.S.C. § 7121(d). *See Gustave-Schmidt v. Department of Labor*, 87 M.S.P.R. 667, ¶ 4 (2001) (noting that an arbitration decision is a final grievance decision); *see also Parks*, 39 M.S.P.R. at 349 (explaining that a final decision, which is appealable to the Board under 5 U.S.C. § 7121(d), "is the arbitrator's decision in cases where the grievance procedure provides for arbitration as the last resort"). Therefore, we dismiss the appellant's request for

---

[7] Although the Board's decision in *Martinez* concerned the appellant's request to reopen his removal appeal under 5 U.S.C. § 7121(e), the Board also found, as in *Farmer*, that it lacked jurisdiction over the appellant's appeal under section 7121(d) because the appellant there, like the appellant here, lacked a final grievance decision notwithstanding the union's decision not to elect arbitration. *Martinez*, 85 M.S.P.R. 290, ¶ 12.

review of the grievance decision for lack of jurisdiction.[8]  Absent an otherwise appealable action, the Board lacks jurisdiction to review the appellant's claims of harmful procedural error, due process, and discrimination.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).[9]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.

---

[8] Given our disposition, we need not address the apparent untimeliness of the appellant's request for review.

[9] We make no finding on whether the Equal Employment Opportunity Commission would determine that it has jurisdiction over a comparable complaint, if the appellant were to choose to file there.  *See Gayle-Smith v. Department of Education*, EEOC Appeal No. 02A40012, 2004 WL 2535242 (Nov. 1, 2004).

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.