# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ORLANDO FERNANDEZ,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF DEFENSE,<br>　　　　　Agency. | DOCKET NUMBER<br>NY-0752-17-0013-I-1<br><br><br><br>DATE: June 12, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Orlando Fernandez</u>, Rome, New York, pro se.

<u>Eric Y. Hart</u>, Esquire, Indianapolis, Indiana, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction because he first elected to grieve the action through negotiated grievance procedures. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the Board lacks jurisdiction over his discrimination and retaliation claims, as well as any potential claim brought under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective September 12, 2016, the appellant was removed from the GS-5 Accounting Technician position with the Defense Finance and Accounting Service in Rome, New York, for failure to follow supervisory instructions. Initial Appeal File (IAF), Tab 5 at 9-10, 17. On September 20, 2016, he filed a written step one grievance under the agency's negotiated grievance procedures. *Id.* at 18-27. The agency denied the grievance on September 30, 2016. *Id.* at 28-29. On October 4, 2016, he filed this Board appeal. IAF, Tab 1. The agency later denied his step two and step three grievances on October 14 and November 16, 2016, respectively. IAF, Tab 5 at 30-31, Tab 10 at 2-3. His union declined to pursue arbitration. IAF, Tab 10 at 3.

¶3     The agency moved for dismissal of the appeal for lack of jurisdiction because it argued that the appellant had irrevocably elected to grieve the matter before he filed his Board appeal.  IAF, Tab 6 at 4-7.  The administrative judge then gave the appellant notice as to the election of remedies in matters covered by both 5 U.S.C. § 7512 and the agency's negotiated grievance procedures, and she ordered him to respond.  IAF, Tab 7.  The appellant filed a timely response alleging, among other things, that the agency discriminated against him based on his age, national origin (Hispanic), prior equal employment opportunity (EEO) activity, and status as a Vietnam veteran.  IAF, Tab 8 at 2.  The agency also filed a response.  IAF, Tab 9.

¶4     The administrative judge issued an initial decision finding that the appellant had been given proper notice of his election rights and that he had filed a timely grievance of his removal.  IAF, Tab 12, Initial Decision (ID) at 2-3.  The administrative judge concluded that, by filing a timely grievance before he filed his Board appeal, the appellant had elected to pursue the matter as a negotiated grievance and not as a Board appeal, thus foreclosing his right to appeal the removal to the Board later.  ID at 3.  On the same day the initial decision was issued, the administrative judge issued a separate notice informing the appellant that, to the extent he believed the removal action was attributed to his military service or military status, he could file a separate USERRA appeal on that basis.  IAF, Tab 11.

¶5     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tabs 1-2.  The agency has filed an opposition to which the appellant has replied.  PFR File, Tabs 6-7.

## ANALYSIS

¶6     As a general rule, matters covered under the Board's adverse action jurisdiction, 5 U.S.C. § 7512, that are also within the coverage of a negotiated grievance procedure may, at the discretion of the aggrieved employee, be raised

under either the appellate procedures set forth in 5 U.S.C. § 7701 or under the negotiated grievance procedure, but not under both procedures. 5 U.S.C. § 7121(e)(1). An employee is deemed to have exercised his option to raise the matter either under the negotiated grievance procedure or under the appellate procedure when he timely files a grievance under the negotiated grievance procedure or timely files an appeal, whichever event occurs first. *Id.*; *Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 6 (2005). Generally, an employee's election to file a grievance is effective and deprives the Board of jurisdiction over the matter if the employee received adequate notice of his election rights and timely filed his grievance. *See* 5 U.S.C. § 7121(e)(1); *Kirkwood v. Department of Education*, 99 M.S.P.R. 437, ¶¶ 10-14 (2005).

¶7    The agency's September 12, 2016 removal decision letter included an addendum, which outlined the procedures for Board appeals, negotiated grievances, and EEO complaints. IAF, Tab 5 at 12-16. The addendum also pointed out that the appellant's selection of one forum would preclude him from subsequently selecting another forum. *Id.* at 12. The agency's negotiated grievance procedures indicate that a grievance must be filed within 20 work days from the employee's receipt of the decision letter. *Id.* at 14, 42, 45. The appellant filed a timely step one grievance on September 20, 2016. *Id.* at 18. Because he received proper notice of his election rights and he filed a timely grievance under the negotiated grievance procedure before he filed his Board appeal, we conclude that the appellant made a valid election of remedies pursuant to 5 U.S.C. § 7121(e)(1), which foreclosed the Board from jurisdiction over this matter.

¶8    On review, the appellant again argues the merits of his appeal. PFR File, Tab 1. To the limited extent that he argues jurisdictional issues, he asserts that, after his step three grievance was denied, he had a right to binding arbitration. *Id.* at 4; IAF, Tab 10 at 3. However, only the union can invoke arbitration under

the collective bargaining agreement (CBA) here. IAF, Tab 5 at 14. We also find that the appellant was fully informed that the decision to pursue binding arbitration in the negotiated grievance process was not his to make. The agency's notice outlining his appeal and grievance rights states in relevant part: "You may pursue a grievance through the third step of the grievance procedure, but *only the Union* may invoke binding arbitration pursuant to the [Master Collective Bargaining Agreement], Article 39 over your grievance at the conclusion of the third step." *Id.* (emphasis in original). The appellant asserts that the Union President denied him his right to arbitration because the "Union President himself from the very beginning of this ordeal was one of the strongest discriminatory advocates of my removal from Federal service." PFR File, Tab 1 at 4, 6. The appellant, however, has not identified any authority that would support a finding that he did not make a valid election of remedies under these circumstances. To the contrary, the Board has held that the failure to reach arbitration, or subsequent dissatisfaction with an appellant's choice, is not a basis for invalidating an appellant's election to invoke negotiated grievance procedures. *See Martinez v. Department of Justice*, 85 M.S.P.R. 290, ¶ 10 (2000). We similarly find that the appellant's allegations against his union do not negate his election of the grievance process. *Id.*

¶9 The appellant also reiterates his belief that the agency discriminated against him based on his status as a veteran. *E.g.*, PFR File, Tab 1 at 1, 5-6; IAF, Tab 1 at 4-5, Tab 8 at 2. The initial decision does not address this matter, but the administrative judge issued a notice informing the appellant of his potential appeal rights under USERRA. IAF, Tab 11. Therein, she set forth an appellant's jurisdictional burden in a USERRA appeal and informed him that he could file a separate appeal on that basis. *Id.* According to Board records, the appellant has not filed such an appeal.

¶10 We find, however, that the appellant's election of remedies under 5 U.S.C. § 7121(e)(1) would foreclose the Board from exercising jurisdiction over a

USERRA appeal of his removal. In *Pittman v. Department of Justice*, 486 F.3d 1276, 1280-82 (Fed. Cir. 2007), our reviewing court held that an appellant who had grieved his removal under a CBA was precluded from raising the same matter in a subsequent USERRA appeal. The court considered the appellant's USERRA discrimination claim regarding his alleged improper removal to fall within the body of "[s]imilar matters which arise in other personnel systems" described in section 7121(e)(1), and, because he previously had elected to grieve the removal under the agency's negotiated grievance procedure, his appeal was outside of the Board's jurisdiction.[3] *Pittman*, 486 F.3d at 1282; *see* 5 U.S.C. § 7121(e)(1).

¶11     The appellant also asserts that the agency discriminated against him based on his age and national origin. PFR File, Tab 1 at 1, 5, 7-10. He explains that he has a pending EEO complaint with the agency. *Id.* at 7-8. The initial decision does not expressly address any claims related to discrimination or retaliation for EEO activities, which were raised below. IAF, Tab 1 at 4-5, Tab 8 at 2. However, the appellant has not been prejudiced because the Board lacks jurisdiction over such matters due to his prior election of grievance procedures. An aggrieved employee making such claims in connection with a matter that may be appealed to the Board may raise the matter under a negotiated grievance procedure or a Board appeal, but not both; and he is deemed to have exercised this option based on which process is initiated first. 5 U.S.C. § 7121(d). As previously explained, we find that the appellant elected grievance procedures before filing his Board appeal. There is a limited right to seek Board review of a final grievance decision in such a case, even if the employee first contested the

---

[3] In *Weiberg v. Merit Systems Protection Board*, 328 F. App'x 619, 620-21 (Fed. Cir. 2008), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) declined to follow *Pittman* because the *Weiberg* CBA required that persons in the bargaining unit grieve any matter not specifically excluded by the CBA, and USERRA matters were not excluded. Here, however, the agency's negotiated grievance procedures do not impose such a limitation, though matters that might be brought before the Board under USERRA may instead be grieved. IAF, Tab 5 at 14, 43-45.

matter through grievance procedures. *Id.* When, as here, there is no final arbitration decision, however, this limited appeal right is not available, even if the decision to initiate arbitration decision belongs to the union. *See Farmer v. Merit Systems Protection Board*, No. 93-3533, 1994 WL 7103, *2-3 (Fed. Cir. Jan. 13, 1994);[4] *Martinez*, 85 M.S.P.R. 290, ¶¶ 10, 12.

¶12         Finally, the appellant's submissions on review contain appended documents that predate the close of the record before the administrative judge and/or are already part of the record. PFR File, Tab 1 at 11-40, Tab 2 at 12-13, Tab 7 at 12-17. We find that these documents are not a basis for granting the petition for review. The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). The appellant has not alleged that any of the newly submitted documents were unavailable to him before the record closed. To the extent that some of the documents are already in the record, they are not "new" evidence for purposes of 5 C.F.R. § 1201.115. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). In any event, none of the documents contain information of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); 5 C.F.R. § 1201.115(a)(1).

¶13         Accordingly, we affirm the initial decision, as modified herein.[5]

---

[4] The Board may rely on unpublished Federal Circuit decisions when, as here, it finds the court's reasoning persuasive. *E.g.*, *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).

[5] After the appellant filed his petition for review with the Board on April 12, 2017, he submitted an appeal of the initial decision to the Federal Circuit. The appeal was docketed as Case No. 17-2046 on May 18, 2017. On June 29, 2017, the Federal Circuit issued an order dismissing the appeal for lack of jurisdiction due to the appellant's pending petition for review with the Board. *Fernandez v. Department of Defense*, No. 2017-2046 (Fed. Cir. June 29, 2017).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

We also note that the appellant has filed several supplemental pleadings on review, which the Office of the Clerk of the Board has rejected.  PFR File, Tabs 4-5, 8.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.