10-1008-cv
Hart v. Family Dental Group et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

———————————————

August Term, 2011

(Argued: May 18, 2011                 Decided: May 31, 2011)

Docket No. 10-1008-cv

———————————————

EVAN HART,

*Plaintiff-Appellant*,

—v.—

FAMILY DENTAL GROUP, PC, KENNETH EPSTEIN,

*Defendants-Appellees*.

———————————————

Before: MINER, CABRANES, and STRAUB, *Circuit Judges*.

———————————————

Plaintiff-Appellant Dr. Evan Hart appeals from a judgment entered on February 11, 2010,

in the United States District Court for the District of Connecticut (Holly B. Fitzsimmons,

*Magistrate Judge*), following the District Court's grant of a February 9, 2010 oral motion of

Defendants-Appellees Family Dental Group, PC, and its president, Kenneth Epstein, for

judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 with respect to

Hart's claims arising under § 4312(a) of the Uniformed Services Employment and

Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.* We hold that there was no

reasonable basis to find a violation of § 4312(a) where Hart was rehired with the same title,

1

salary, and other conditions of employment after his return from military service.  Therefore, we

**AFFIRM** the order and judgment of the District Court as to Hart's claims arising under § 4312

of USERRA.

_____

RICCARDO LUCIANO PATE, Westport, Connecticut, *for Plaintiff-Appellant*.

STUART M. KATZ, Cohen and Wolf, P.C., Bridgeport, Connecticut, *for Defendants-Appellees*.

_____

*Per Curiam*:

Plaintiff-Appellant Dr. Evan Hart appeals from a judgment entered on February 11, 2010,

in the United States District Court for the District of Connecticut (Holly B. Fitzsimmons,

*Magistrate Judge*), following the District Court's grant of a February 9, 2010 oral motion of

Defendants-Appellees Family Dental Group, PC ("FDG")  and its president, Kenneth Epstein,

for judgment as a matter of law pursuant Federal Rule of Civil Procedure 50 with respect to

Hart's claims arising under § 4312(a) of the Uniformed Services Employment and

Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*.  For the following reasons,

we hold, as the District Court did, that there was no reasonable basis to find a violation of

§ 4312(a) where Hart was rehired with the same title, salary, and other conditions of employment

after his return from military service.

**BACKGROUND**

Epstein hired Hart in 2001 to work as a dentist at FDG.  Prior to joining the practice, Hart

enlisted in the United States Army Reserves.  Hart's employment with FDG was governed by a

2

signed employment agreement. This document provided that Hart could be terminated without cause so long as he was given 30-days notice.

While still employed by FDG, Hart was called to active duty by the Army on two occasions. Hart was first deployed to Fort Bragg in North Carolina and later to Fort Sam Houston in Texas from March 2003 until September 2003. When Hart returned from active duty in September 2003, he was reemployed by FDG. In July 2004, Hart was again called upon to serve, and this time he was deployed to Iraq in September 2004. He was stationed in Iraq until December 2004.

In December 2004, Hart contacted Epstein to inform him of his plan to return to FDG upon the completion of his Army service. He began working at FDG again on January 17, 2005. Hart was afforded the same salary, benefits, and other conditions of employment that he received before he left for Iraq. On January 20, however, Epstein presented Hart with a letter stating that his employment would be terminated in 60 days.

After Hart questioned Epstein about the legality of his termination, Epstein reduced the amount of notice given to Hart from 60 to 30 days, in accordance with the employment agreement. Hart then filed a USERRA complaint against both FDG and Epstein with the United States Department of Labor's Office of Veterans' Employment and Training. He claimed that Epstein and FDG discriminated against him on account of his military service. The Department of Labor informed Epstein that he was required under § 4316(c)(2) of USERRA to employ Hart for 180 days following his return from active duty. Epstein and FDG complied with the Department of Labor's directive and employed Hart until July 20, 2005. Because FDG and

3

Epstein employed Hart for 180 days following his return from active duty, the Department of Labor closed Hart's USERRA case.

After his termination, Hart reopened his Department of Labor case and exhausted his administrative remedies there. Hart then filed suit against FDG and Epstein in the District of Connecticut in an eight-count amended complaint, with four claims against FDG and four claims against Epstein, all arising under various sections of USERRA.

A jury trial was held on Hart's claims in February 2010. After Hart rested his case, the District Court granted judgment as a matter of law in favor of FDG and Epstein on Hart's claims under USERRA § 4311(b) (counts two and six of the amended complaint), § 4312(a) (counts three and seven), and § 4316(a) and (c) (counts four and eight). Hart's claims pursuant to § 4311(a) (counts one and five) were submitted to the jury, which found in favor of FDG and Epstein.

Hart now challenges the District Court's grant of judgment as a matter of law in favor of FDG and Epstein on his USERRA § 4312(a) claims (counts three and seven of the amended complaint); he does not challenge the jury verdict or the District Court's grant of judgment as a matter of law on his other claims.

**DISCUSSION**

We review the District Court's grant of a motion for judgment as a matter of law *de novo*. *Parrot v. Guardian Life Ins. Co. of Am.*, 338 F.3d 140, 142 (2d Cir. 2003). The portion of USERRA at issue in this appeal, 38 U.S.C. § 4312(a) provides, in relevant part:

> any person whose absence from a position of employment is necessitated by
> reason of service in the uniformed services shall be entitled to the reemployment

4

rights and benefits and other employment benefits of this chapter if–

(1) the person . . . has given advance written or verbal notice of such service to such person's employer;

(2) the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years; and

(3) . . . the person reports to, or submits an application for reemployment to, such employer.

Under 38 U.S.C. § 4313(a)(2)(A), an eligible returning serviceperson should be promptly reemployed "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform."

There is no dispute that Hart was covered by USERRA; that both FDG and Epstein were his employers; and that he provided proper notice of his desire to return to FDG. Morever, it is undisputed that Hart returned to work in the same position he had before leaving for his Army service—as a dentist employed pursuant to the terms of a written employment agreement. The only question before us is whether Epstein's January 20 letter providing Hart with 60-days notice (later amended to 30-days and thereafter amended again to 180-days) and Hart's subsequent termination in accordance with the terms of that letter violated 38 U.S.C. § 4312(a). It did not.

"USERRA provides a comprehensive remedial scheme to ensure the employment and reemployment rights of those called upon to serve in the armed forces of the United States." *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 160 (2d Cir.

5

2005).  Section 4311 and § 4312 provide separate rights for returning service members:  § 4311 protects against discrimination, and § 4312 creates an entitlement to reemployment.  *See Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 304 (4th Cir. 2006).  Section 4312 "only entitles a service person to immediate reemployment and does not prevent the employer from terminating him the next day or even later the same day," *id.* (internal quotation marks omitted), while "§§ 4311 and 4316 operate to protect the employee as soon as [he] is reemployed," *id.*; *accord Petty v. Metro. Gov't of Nashville-Davidson Cnty.*, 538 F.3d 431, 445 (6th Cir. 2008); *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 930 (8th Cir. 2007).  For example, relevant to Hart's case, 38 U.S.C. § 4316(c)(2) requires that a person reemployed under USERRA not be terminated, except for cause, "within 180 days after the date of such reemployment, if the person's period of service before the reemployment was more than 30 days but less than 181 days."  Moreover, § 4311(a) prohibits employers from discriminating against returning employees on the basis on their military service.  Therefore, while § 4312 only provided Hart with the right of reemployment, he was provided additional protections by other sections of USERRA.  Hart did not appeal his claims arising under § 4311 and § 4316 and we express no opinion on their merit.[*]

---

[*] Section 4311 states, in relevant part

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

6

As the District Court explained in its order granting judgment as a matter of law, "the evidence is clear that Dr. Hart was re-employed on his return from his leave for 180 days, with the same seniority and other rights and benefits or lack of benefits that he had . . . before he left on his tour." That is all § 4312 requires. With these facts not in dispute, there was no reasonable basis for the District Court to find a violation of § 4312(a), and it properly granted judgment as a matter of law in favor of FDG and Epstein.

## CONCLUSION

Accordingly, for the foregoing reasons, we AFFIRM the order and judgment of the District Court as to Hart's claims arising under § 4312 of USERRA.

---

38 U.S.C. § 4311(a). Section 4316 states, in relevant part:

> A person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed.

38 U.S.C. § 4316(a).