ACCEPTED
15-24-00089-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/24/2025 1:34 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00089-CV

_____

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/24/2025 1:34:23 PM
CHRISTOPHER A. PRINE
Clerk

_____

TEXAS DEPARTMENT OF PUBLIC SAFETY,
*Appellant,*

v.

LEROY TORRES,
*Appellee.*

_____

Appeal from County Court at Law No. 1
Nueces County, Texas

_____

**REPLY BRIEF OF APPELLANT**

_____

| | |
|---|---|
| KEN PAXTON | KIMBERLY GDULA |
| Attorney General of Texas | Chief, General Litigation Division |
| | |
| BRENT WEBSTER | JASON T. CONTRERAS |
| First Assistant Attorney General | Assistant Attorney General |
| | Texas Bar No. 24032093 |
| RALPH MOLINA | Office of the Attorney General |
| Deputy First Assistant Attorney General | General Litigation Division |
| | P.O. Box 12548, Capitol Station |
| | Austin, Texas 78711-2548 |
| JAMES LLOYD | Tel: (512) 463-2120 |
| Deputy Attorney General for Civil Litigation | Fax: (512) 320-0667 |
| | Jason.Contreras@oag.texas.gov |

**ATTORNEYS FOR APPELLANT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................................ii

TABLE OF AUTHORITIES ........................................................................................iii

REPLY .........................................................................................................................1

   A.  JUDGMENT SHOULD BE RENDERED FOR DPS AS TORRES
      CLEARLY AND UNEQUIVOCALLY ABANDONED HIS SOLE
      VALID USERRA CLAIM. ...................................................................................1

   B.  DPS ESTABLISHED THAT THE JURY WAS INSTRUCTED ON
      AN INVALID THEORY OF LIABILITY AND IT WAS
      IMPROPERLY DENIED AN AFFIRMATIVE DEFENSE. .........................4

      1.    This is a 4311 USERRA case, and it was error for the trial
           court to include jury instructions for a Section 4313 claim. .....................4

      2.    DPS was improperly denied jury instructions on an affirmative
           defense to which it was entitled. ..............................................................7

   C.  JUDGMENT SHOULD BE RENDERED FOR DPS BASED
      UPON THE EVIDENCE.....................................................................................8

   D.  IN THE ALTERNATIVE, DPS ESTABLISHED ERROR IN
      THE AWARD OF ATTORNEYS' FEES, ERROR IN THE
      AWARD OF LOST WAGES, AND ERROR IN THE
      DENIAL OF REIMITTITUR...........................................................................10

      1.    The trial court erred in awarding attorneys' fees that were
           not decided by the jury. ...........................................................................10

      2.    The trial court erred in awarding lost wages on a position
           Torres could not perform..........................................................................13

      3.    The trial court erred in denying remittitur. .............................................15

PRAYER ...................................................................................................................16

CERTIFICATE OF SERVICE ..................................................................................17

CERTIFICATE OF COMPLIANCE .........................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Arroyo v. Volvo Grp. N. Am., LLC,*
  805 F.3d 278 (7th Cir. 2015) ...................................................................................11

*Bocquet v. Herring,*
  972 S.W.2d 19 (Tex. 1998) ............................................................. 14, 17, 18

*Butts v. Prince William County School Board,*
  844 F.3d 424 (4th Cir. 2016) ..............................................................7, 8

*Clegg v. Ark. Dep't of Corr.,*
  496 F.3d 922 (8th Cir. 2008) ..............................................................6

*Felder v. Casey,*
  487 U.S. 131 (1988) ....................................................................... 14, 16

*Francis v. Booz, Allen & Hamilton, Inc.,*
  452 F.3d 299 (4th Cir. 2006) ..............................................................6

*French v. Gill,*
  252 S.W.3d 748 (Tex. App.-Texarkana, 2008) ...................................18

*Greater Houston Transp. Co. v. Phillips,*
  801 S.W.2d 523 (Tex. 1990) ...............................................................18

*Hart v. Family Dental Group, PC,*
  645 F.3d 561 (2nd Cir. 2011) ...........................................................6

*Hembree v. Georgia Power Co.,*
  case. 637 F.2d 423 (5th Cir.1981) ........................................... 20, 21, 22

*Huff v. Winston,*
  292 Va. 426 (2016)..............................................................................8, 9

*Petty,*
  *538 F*.3d 431 (6th Cir. 2008) .............................................................5

*Pittman v. DOJ,*
  486 F.3d 1276 (Fed. Cir. 2007) ..........................................................6

*Richardson v. Mayorkas,*
  No. CV 17-1588, 2023 WL 2562156 (D.D.C. Mar. 17, 2023) ...........11

*Rogers v. Bagley,*
  623 S.W.3d 343 (Tex. 2021) ........................................................ 14, 17

*Unique Staff Leasing, Ltd. v. Cates,*
  500 S.W.3d 587 (Tex. App. - Eastland 2016) ....................................19

**Statutes**

38 U.S.C. § 4311(c)(1)..........................................................................................7
38 U.S.C. § 4323(h)(2)........................................................................................12
38 USC § 4302....................................................................................................11
42 USC Section 1983...........................................................................................11

**Rules**

Federal Rule of Civil Procedure 54(d).................................................... 10, 11, 12
Tex. R. App. P. 9.4(i)(1) .....................................................................................17
Tex. R. App. P 9.4(i)(3) ......................................................................................17
TEX. R. CIV. P. 279.............................................................................................12

**Regulations**

20 C.F.R. § 1002.192 ...........................................................................................5
20 CFR 1002.226 ..............................................................................................2, 3

**Other Authorities**

*B.J.S.,* 2............................................................................................................3

_____

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

_____

TEXAS DEPARTMENT OF PUBLIC SAFETY,
*Appellant,*

v.

LEROY TORRES,
*Appellee.*

_____

**REPLY BRIEF OF APPELLANT**

TO THE HONORABLE COURT OF APPEALS:

The Texas Department of Public Safety ("DPS") files this Reply Brief and in support, respectfully shows as follows:

**REPLY**

**A.    JUDGMENT SHOULD BE RENDERED FOR DPS AS TORRES CLEARLY AND UNEQUIVOCALLY ABANDONED HIS SOLE VALID USERRA CLAIM.**

In its brief, DPS argued that the sole valid USERRA claim available to Torres was a Section 4311 disability accommodation claim, because caselaw clearly holds that Section 4313 reemployment claims do not exist beyond the moment of reemployment.[1]  Ignoring this argument completely, Torres asserts in his response that "plaintiff abandoned his Section 4311 claims at trial [and]

proceeded under Section 4313" and the district court accepted this abandonment.[2]

DPS agrees that Torres clearly and unequivocally abandoned his USERRA Section

4311 claim disability accommodation claim.

Ignoring clear holdings to the contrary, Torres concludes that the

"reinstatement process should be restarted under [Section 4313]"… "[i]f the

disability is discovered after the servicemember resumes work."[3]  Torres cites 20

CFR 1002.226 as the sole authority for this position.  20 CFR 1002.226 states:

> If the employee has a disability that was incurred in, or aggravated
> during, the period of service, what efforts must the employer make to
> help him or her become qualified for the reemployment position?
>
> **(a)** USERRA requires that the employee be qualified for the
> reemployment position regardless of any disability. The employer
> must make reasonable efforts to help the employee to become
> qualified to perform the duties of this position. The employer is not
> required to reemploy the employee on his or her return from service if
> he or she cannot, after reasonable efforts by the employer, qualify for
> the appropriate reemployment position.
>
> **(b)** "Qualified" has the same meaning here as in § 1002.198.

20 CFR 1002.226.

The plain language of this regulation simply does not require the

reinstatement process be restarted under Section 4313 if the disability is discovered

---

[1] *See Appellant's Brief* at 8-15.

[2] *Appellee's Brief* at 8.  *See also id.* at 9 ("As the trial court succinctly illustrated at the charge conference: 'if they're taking the position that they're not going to seek recovery under 4311 and they're only going to try to seek recovery under 4313, then why do we put anything in there about 4311?'").

[3] *Appellee's Brief* at 8.

2

after the servicemember resumes work as Torres alleges.[4] *See* 20 CFR 1002.226. Stated differently, 20 CFR 1002.226 does not convert a Section 4311 disability accommodation claim into a Section 4313 reemployment claim. *See id.* Instead, the regulation merely sets forth the "reasonable efforts to help the employee to become qualified to perform the duties of this position" which must be taken at the time of reemployment. *See id.* Again, the relevant caselaw holds that Section 4313 protects a military member up to the instant of reemployment, while other sections of USERRA, such as Section 4311, protect the member after reemployment occurs.[5] The sole applicable USERRA claim Torres pleaded was his Section 4311 claim.

"A party abandons a [claim] when it unequivocally states in open court it no longer seeks the pleaded relief." *In the Int. of B.J.S.,* 2024 Tex. App. LEXIS 3883, *5 (Tex.App.-San Antonio, June 5, 2024). When a party abandons a claim, a district court may not enter a judgment upon the abandoned claim. *Id.* DPS agrees that Torres clearly and unequivocally abandoned his Section 4311 claim. As Torres abandoned the sole applicable USERRA claim he pleaded, the judgment of the district court should be reversed, and judgment should be rendered in favor of DPS.

---

[4] *See Appellee's Brief* at 8.
[5] *See Appellant's Brief* at 8-15. *See also* Section B below.

**B.  DPS ESTABLISHED THAT THE JURY WAS INSTRUCTED ON AN INVALID THEORY OF LIABILITY AND IT WAS IMPROPERLY DENIED AN AFFIRMATIVE DEFENSE.**

**1. This is a 4311 USERRA case, and it was error for the trial court to include jury instructions for a Section 4313 claim.**

It is without dispute that in or around February 2009, DPS promptly reemployed Torres in his full duty Trooper position after he returned from his tour of duty in Iraq. RR Vol. 13 at DPS Exhibit 36; RR Vol. 4 at 182:1-5; RR Vol. 4 at 182:12-16.  Nearly two years after being reemployed, he was diagnosed with a lung disease associated with his military service. RR Vol. 4 at 42:8-9; 182:6-20. Torres admits that he "returned to his civilian life and resumed his duties as a State Trooper – the job he held before being called to active duty."[6] Similarly, Torres admits that in the years following his reemployment as a State Trooper, "his latent exposure injuries began to worsen and prevented him from performing all the duties of his position."[7]

The case law is clear that Sections 4312 and 4313 "protects the military member up to the instant of reemployment, while other sections of USERRA, such as [Section] 4311 and [Section] 4316, protect the member after reemployment occurs."  *In re Petty*, 538 F.3d 431, 439-440 (6th Cir. 2008); *see also Hart v. Family Dental Group, PC,* 645 F.3d 561, 563 (2nd Cir. 2011); *Francis v. Booz,*

---

[6] *Appellee's Brief* at 1.
[7] *Appellee's Brief* at 1.

4

*Allen & Hamilton, Inc.,* 452 F.3d 299, 304 (4th Cir. 2006); *Clegg v. Ark. Dep't of Corr.,* 496 F.3d 922, 930 (8th Cir. 2008); *Pittman v. DOJ,* 486 F.3d 1276, 1283 (Fed. Cir. 2007).

Torres's complaint that DPS refused to accommodate him over a year after he was reemployed when he developed a disability, which had its genesis in his military service, does not convert his accommodation claim into a Section 4313 case. Indeed, at least two cases have held that protection under Section 4313 is not triggered by any complaint beyond the date of reemployment, particularly when the employer is unaware of the disability at the time of reemployment.

In *Butts v. Prince William County School Board*, 844 F.3d 424, 432 (4th Cir. 2016), the U.S. Court of Appeals for the Fourth Circuit found no violation of a reemployed teacher's rights under Section 4313(a)(3) because her employer had no notice of her disability when it reemployed her. The Fourth Circuit held that USERRA's requirement to provide an alternate position due to an employee's disability only applies if the employer knows of the disability at the time of reemployment, citing to 20 C.F.R. § 1002.192. *Id*. at 432-33. The School Board in Butts did not learn of her service-related disability of post-traumatic stress disorder until it fired the teacher several years after reemploying her, thus neither Section 4313 nor the requirement to provide the plaintiff with an alternate position at the time of reemployment applied. *Id*. at 433.

Similarly, in *Huff v. Winston*, 292 Va. 426, 437–43 (2016), a case involving a veteran who suffered a heart attack after reemployment that was deemed "service-related" by her doctor, the Supreme Court of Virginia held that USERRA did not oblige her employer to grant her request to work part time when she returned from disability leave. The employer fired the employee due to her inability to return to work full time after her disability leave, long after her reemployment. *Id*. at 432. According to the court, claims alleging violations of USERRA section 4314's reemployment requirements are limited to challenging placement at the time of reemployment or the promptness of reemployment; and the protections of § 4313 do not apply beyond the date of reemployment. *Id*. at 441. The protections of Section 4313 do not apply beyond the date of reemployment. *Id*. Because there was no evidence that the employer found the veteran unqualified for her escalator position due to her disability when it reemployed her after her deployment, section 4313(a)(3)'s requirement to make reasonable disability-accommodation efforts under § 4313(a)(3) was not triggered. *Id*. at 442.

As discussed above, Torres' conclusion that the "reinstatement process should be restarted under [Section 4313]"… "[i]f the disability is discovered after the servicemember resumes work" is wholly unsupported.[8]    Accordingly, the

---

[8] *Appellee's Brief* at 8.

district court improperly instructed the jury upon a USERRA Section 4313 reemployment claim.

## 2. DPS was improperly denied jury instructions on an affirmative defense to which it was entitled.

Based on the foregoing, the jury should have been instructed on USERRA liability under Section 4311 - not Section 4313. Therefore, as urged by DPS at trial and as set forth in its proposed jury charge, it was entitled to have the jury instructed on the affirmative defense available to Section 4311 claims. CR 217, 321, 517-19, 1394; 38 U.S.C. § 4311(c)(1). It was harmful error to omit the affirmative defense instruction because it could have resulted in a finding of no liability. Had the affirmative defense question been included in the jury charge and had the jury answered that question in the affirmative, DPS would not be liable under USERRA. The jury's verdict should therefore be reversed and remanded.

**C. JUDGMENT SHOULD BE RENDERED FOR DPS BASED UPON THE EVIDENCE.**

Torres' position that there is no "claim preclusion" under USERRA for failing to engage in the interactive process for identifying a reasonable accommodation is incorrect and simply ignores controlling law. In fact, as recently as March 2023, courts have held that the failure of a USERRA claimant to engage in the interactive process with their employer resulted in summary judgment in the employer's favor. See *Richardson v. Mayorkas*, No. CV 17-1588, 2023 WL 2562156, at *18 (D.D.C. Mar. 17, 2023); see also *Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 287-88 (7th Cir. 2015) (affirming dismissal of plaintiff's failure to accommodate claim based on her refusal to meet with an HR representative thus failing to engage in the interactive process).

DPS presented undisputed evidence that Torres was absent for extended periods of time during his employment, including all or almost all of his final year of employment leading up to his voluntary resignation. RR Vol. 13 at DPS Exhibit 124 at p. 15-16; DPS Exhibits 69, 126 through 128. In his response, Torres did not dispute his extended absences and further did not explain how he could have possibly complied with his responsibility to engage in the interactive process with DPS while being absent from the workplace. Indeed, Torres' absence from work constituted his failure and refusal to engage in the interactive process with DPS with regard to his accommodation request. DPS can hardly be faulted for not

making a formal offer of the requested position as an accommodation to Torres when he was absent from work the entire year in 2012 leading all the way up to his voluntary resignation. Essentially, the formal job offer remained "on hold" until Torres came back to work, but he never did.

Nevertheless, even in light of Torres' repeated and extended absences from work, DPS made reasonable efforts to proceed with his request, based on (1) the fact he was already working in the Driver's License office in July 2011 (i.e., the very same office where he requested to work per his accommodation request), and (2) the December 16, 2011 email exchange between DPS's HR office and management regarding offering and placing him in the Driver License office as a DL Examiner, and that DL was seeking guidance in connection with placement-related matters, and (3) that on December 20, 2011, DPS's Capt. Lawson requested that Torres' modified duty be extended until his transfer to DL could be completed, imposing no deadline for that to happen.[9] RR Vol. 5 at 69:4-70:1; RR Vol. 13 at DPS Exhibits 58, 60, 70 and 74. But due to his extended absence from work, DPS's efforts could only go so far. DPS satisfied its USERRA duties with respect to Torres' accommodation request, and it is therefore entitled to judgment as a matter of law in its favor considering Torres' failure to engage in the interactive process. This undisputed evidence further establishes that had the affirmative

---

[9] Torres did not dispute any of this evidence in his brief in response.

defense question gone to the jury, it would have been answered in the affirmative thus imposing no liability on DPS.

Thus, Torres' assertion in his response brief that DPS failed to make reasonable efforts to comply with his accommodation request is incorrect and simply ignores the undisputed evidence. Contrary to Torres' assertion that DPS left him "devoid of options," the one option *available to him at all times* was to return to work in a position that afforded him reasonable accommodations, but he refused to take that option. This Court should therefore reverse.

## D. IN THE ALTERNATIVE, DPS ESTABLISHED ERROR IN THE AWARD OF ATTORNEYS' FEES, ERROR IN THE AWARD OF LOST WAGES, AND ERROR IN THE DENIAL OF REMITTITUR.

### 1. The trial court erred in awarding attorneys' fees that were not decided by the jury.

As clearly demonstrated in Appellant's brief, attorneys' fees are a question of fact for the jury's determination under Texas procedure.[10]  *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).  The United States Supreme Court and the Texas Supreme Court hold that "States may establish the rules of procedure governing litigation in their own courts … where state courts entertain a federally created cause of action."  *Felder v. Casey*, 487 U.S. 131, 138 (1988); *see also Rogers v. Bagley*, 623 S.W.3d 343, 353 (Tex. 2021).

---

[10] *See Appellant's Brief* at 16-17.

Torres argues that Federal Rule of Civil Procedure 54(d) should be applied to determine attorneys' fees because the claim at issue is federal.[11] Torres cites no case where a Texas court applied Federal Rule of Civil Procedure 54(d) to award attorneys' fees.[12] Instead, Torres cites several federal cases which understandably apply Federal Rule of Civil Procedure 54(d). Additionally, Torres relies upon Section 4302 of USERRA, which states:

> This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

38 USC § 4302.

Section 4302 is merely a restatement of the Supremacy Clause and is entirely devoid of any reference to attorneys' fees. Neither Section 4302 nor the Supremacy Clause mandate Texas courts apply Federal Rule of Civil Procedure 54(d) to determine attorneys' fees instead of applying Texas procedure. State law is only preempted when the issue "is more than a mere rule of procedure." *Felder,* 487 U.S. at 152.

The Texas Supreme Court has held that the Texas procedures which mandate the (1) filing of expert reports, (2) the deadline for filing the expert

---

[11] *See Appellee's Brief* at 21-23.
[12] *See Appellee's Brief* at 21-23.

reports, and (3) the minimum contents of the expert reports are applicable in Texas courts when federal 42 USC Section 1983 healthcare claims are heard. *See Rogers*, 623 S.W.3d at 355-56. The same is true regarding the procedure for awarding attorneys' fees. *See Bocquet*, 972 S.W.2d at 21. For federal claims tried in Texas courts, including USERRA, the Texas procedure of sending permissive claims for attorneys' fees to the jury for determination applies over Federal Rule of Civil Procedure 54(d). *See Rogers*, 623 S.W.3d at 355-56.

Under USERRA, a "court *may* award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses." 38 U.S.C. § 4323(h)(2) (emphasis added). Contrary to Torres' assertion, Texas procedure does not represent a barrier to a mandatory, substantive right; instead, it is a procedural hurdle to obtain a permissive award of attorneys' fees. Torres merely had to comply with this procedural requirement and present his claim for attorneys' fees to the jury for determination. *See Bocquet,* 972 S.W.2d at 21. It is undisputed Torres failed to do so.[13] Therefore, Torres waived his right to attorneys' fees, and it was error for the district court to award them. *See Unique Staff Leasing, Ltd. v. Cates*, 500 S.W.3d 587, 600 (Tex. App. - Eastland 2016); *see*

---

[13] Plaintiff's local, Corpus Christi, counsel appeared at trial in addition to his San Diego counsel. Counsels' failure to submit attorney's fees to the jury is inexplicable but not excusable. It is a maxim that all persons are presumed to know the law. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 528 n.3 (Tex. 1990). A parallel maxim is

*also* TEX. R. CIV. P. 279. This Court should therefore reverse and remand with an order to strike the attorneys' fee award.

## 2. The trial court erred in awarding lost wages on a position Torres could not perform.

On October 25, 2011, Torres specifically requested transfer to a non-commissioned position in DPS's driver's license office, noting that his doctors did not clear him to return to full duty as a Trooper. RR Vol. 13 at DPS Exhibit 70; RR Vol. 4 at 142:3-8. Hence, Torres' own request acknowledged he could no longer perform the job of a commissioned Trooper. Due to the fundamental difference between a non-commissioned and commissioned position at DPS, along with the circumstances of Torres' situation, the "nearest approximate" job for him based on the circumstances was, in fact, in a lower paying non-commissioned position that he had requested.

Despite Torres' assertion to the contrary, DPS did in fact make reasonable efforts to effectuate his accommodation request in accordance with USERRA's mandate pursuant to section 4313(a)(3)(B) to place him in a position in the "nearest approximation" to the Trooper position in terms of seniority, status, and pay. The fallacy in Torres' argument is that USERRA law does not dictate that his salary in the accommodated position must be the same amount he earned as a

that ignorance of the law is no excuse. *French v. Gill,* 252 S.W.3d 748, 756 n.8 (Tex. App.-Texarkana, 2008).

Trooper, a position he acknowledged that he could no longer perform due to a disability.

Moreover, Torres mischaracterizes and misconstrues the *Hembree v. Georgia Power Co.* case. 637 F.2d 423 (5th Cir.1981). That 1981 case, over thirteen years before the enactment of USERRA, involved a veteran claiming his reemployment did not comply with the Veterans' Reemployment Rights Act (VRR) because he was not placed in a position of like seniority, status, and pay or *the nearest approximation thereof. Id*. at 427 (emphasis added). The veteran in *Hembree* claimed the Clerk B position to which he was assigned was not comparable to the apprentice position to which he was entitled had he not been disabled. *Id*.

Here, *Hembree* is easily distinguishable because Torres does not complain about being placed in a position that was not one of like seniority, status, or pay as the Trooper job, but rather that the placement into the requested non-commissioned position never occurred.

Additionally, Torres improperly suggests that *Hembree* holds for the proposition that his salary in the non-commissioned driver's license position *must* be the same as his commissioned Trooper position.[14] Rather, *Hembree* held the employee was entitled to employment in a position of "like seniority, status, and

---

[14] *See Appellee's Brief* at 34.

pay, *or the nearest approximation thereof consistent with the circumstances in his case.*" *Id*. at 429 (emphasis added). That holding does not mandate the same pay for different work. Torres' assertion that his salary should be the same in the non-commissioned job as in the commissioned should not have been permitted to proceed before the trial court, and it should be rejected by this Court.

The "nearest approximation [for pay] consistent with the circumstances in his case" was a lower-paying non-commissioned position given that Torres could not perform the duties of a commissioned Trooper. Nevertheless, in accordance with USERRA, Torres still maintained his seniority and all the appurtenant benefits, including monthly service credits toward his retirement pension. Thus, the trial court erred in awarding Torres' damages based on the commissioned Trooper position, and this court should reverse.

### 3. The trial court erred in denying remittitur.

For the reasons set forth above, Torres was improperly awarded lost wages based on an improper measure of damages, namely, the commissioned Trooper position that he was no longer qualified to perform. Thus, Torres' citation to evidence reflecting that improper measure of damages does not overcome DPS's request for remittitur to reduce the excessive amount he was awarded in erroneous and miscalculated lost wages. The evidence presented at trial was insufficient to support that award thus DPS's request for remittitur should have been granted.

**PRAYER**

For the reasons described above, DPS respectfully requests that this Court sustain the issues raised on appeal and remand the case for new trial or reverse and render judgment in favor of DPS. In the alternative, DPS prays this Court eliminate attorneys' fees and reduce the damages found in the trial court's Modified Final Judgment.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Jason T. Contreras
JASON T. CONTRERAS
Assistant Attorney General
Texas Bar No. 24032093
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone:  512-463-2120 Fax:  512-320-0667
Email: Jason.Contreras@oag.texas.gov

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I certify that on January 24, 2025, a true and correct copy of the foregoing document was served electronically through the electronic-filing manager to all counsel of record.

/s/ Jason Contreras
Jason Contreras
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P 9.4(i)(3), I certify that this reply brief contains _____ words, exclusive of the exempted portions in Tex. R. App. P. 9.4(i)(1).

/s/ Jason Contreras
Jason Contreras
Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Myette on behalf of Jason Contreras
Bar No. 24032093
nicole.myette@oag.texas.gov
Envelope ID: 96574995
Filing Code Description: Other Brief
Filing Description: 20250124_Aplnt's REPLY Brief
Status as of 1/24/2025 1:42 PM CST

Associated Case Party: Leroy Torres

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Chapman | 24001870 | steve@wcctxlaw.com | 1/24/2025 1:34:23 PM | SENT |
| Brian J.Lawler | | blawler@pilotlawcorp.com | 1/24/2025 1:34:23 PM | SENT |
| Matthew Manning | 24075847 | service@wcctxlaw.com | 1/24/2025 1:34:23 PM | SENT |

Associated Case Party: Texas Department of Public Safety

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason Contreras | | Jason.contreras@oag.texas.gov | 1/24/2025 1:34:23 PM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 1/24/2025 1:34:23 PM | SENT |